Paul PANASUK, Plaintiff,

v.

Arlynn SEATON and Arden Leas, Defendant and Third-Party Plaintiffs,

v.

George PANASUK, Third-Party Defendant.

Civ. No. 2721.

United States District Court
D. Montana,
Havre-Glasgow Division.

Jan. 9, 1968.

Raymond Hildebrand, Glendive, Mont., for plaintiff.

Bjella, Jestrab, Neff & Pippin, Williston, N. D., and Kelly & Carr, of Miles City, Mont., for defendants and third-party plaintiffs.

Leonard H. Langen, Glasgow, Mont., for third-party defendant.

## ORDER
## AND
## MEMORANDUM OPINION

JAMESON, Chief Judge.

Plaintiff, Paul Panasuk, brought this action for personal injuries sustained while riding as a passenger in an automobile driven by his brother George when it collided with a truck-trailer driven by the defendant Arlynn Seaton and owned by the defendant Arden Leas. Defendants have filed an answer and also a third-party complaint against George Panasuk as third-party defendant,[1] and Leas has filed a cross-claim for damages to his truck and cargo.[2] Seaton and Leas, as third-party plaintiffs, pray, in the event a verdict is recovered against them by plaintiff, that the third-party defendant, George Panasuk, "be held primarily liable" and that they have "judgment over and against the third-party defendant, George Panasuk, for the amount recovered by plaintiff".

The third-party defendant, George Panasuk, has filed a motion to strike and dismiss the amended third-party complaint of Seaton and Leas and to dismiss the cross-claim of Leas. Briefs have been filed by the respective parties. Neither has requested oral argument. The motion accordingly is deemed submitted under Rule 7(a) of the local rules of court.

Third-party defendant first contends that the claim of third-party plaintiffs in effect seeks contribution between joint tortfeasors, and that this may not be done under the law of Montana. Third-party plaintiffs contend (1) that the law of Montana does not prohibit application of the doctrine of "contribution"; and (2) if the amended complaint does not state a claim for relief for "contribution", it does state a claim for relief in "indemnity".

The rule is well settled in Montana that, "if the concurrent negligence of two or more persons causes an injury to a third person, they are jointly and severally liable, and the injured person may sue them jointly or severally, and recover against one or all".[3] Jones

---

1. Rule 14(a) of the Federal Rules of Civil Procedure provides that "a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him".

2. It is alleged in the amended third-party complaint that the third-party defendant operated his car in a grossly negligent and reckless manner, that the accident was caused solely by his negligence, and that if third-party plaintiffs were negligent, their negligence was secondary or passive, whereas the negligence of the third-party defendant was primary and ac-

tive. In the Leas cross-claim it is alleged that the Panasuk vehicle was operated in a negligent and careless manner. Leas would of course be entitled to recover from third-party defendant upon proof of ordinary negligence proximately causing the accident, in the absence of contributory negligence.

3. It is recognized that plaintiff might recover from the defendants and not from the third-party defendant. As pointed out in brief of third-party plaintiffs, under the Montana Guest Statute (R.C.M.1947 § 32–1113), a guest passenger may not recover unless the damage is caused "directly and proximately by the grossly negligent and reckless operation" of the

v. Northwestern Auto Supply Co., 1932, 93 Mont. 224, 231, 18 P.2d 305, 307. In Variety, Inc. v. Hustad Corporation, 1965, 145 Mont. 358, 368, 400 P.2d 408, 414, 401 P.2d 581, the Montana court also recognized the general rule that "one of the several wrongdoers cannot recover against another wrongdoer although he may have been compelled to pay all the damages for the wrong done".[4]

The "conflicting views" regarding the right of contribution as between joint tortfeasors were well-summarized in an annotation in 60 A.L.R.2d 1368, as follows:

"A relatively large majority of jurisdictions in which the contribution rights of negligent joint tortfeasors are not controlled by statute hold that the fact that joint tortfeasors' injury-causing conduct was negligent, rather than wilful or intentional, furnishes no basis for freeing them of the burden of the general rule that there can be no contribution among joint tortfeasors." (Citing cases from Alabama, Arizona, California, Colorado, Connecticut, Florida, Illinois, Indiana, Massachusetts, Nebraska, New Hampshire, North Dakota, Ohio, Oklahoma, Oregon, Utah, Vermont, and Washington).

"The minority—and, it seems, growing—view on the question presently under consideration is this: the rule which bars contribution among joint tortfeasors is not appropriately applied to joint tortfeasors guilty of nothing more than negligence; hence, there is a common-law right of contribution as between such joint tortfeasors." (Citing cases from District of Columbia, Iowa, Maine, Minnesota, Wisconsin).

Third-party plaintiffs rely upon cases from jurisdictions permitting contribution among joint tortfeasors, i. e., Iowa[5], Wisconsin and Minnesota, which clearly represent the minority view.[6]

■ It may be, as third-party plaintiffs contend, that Montana has not expressly adopted the majority rule barring contribution among joint tortfeasors, but as noted supra, it clearly recognized the rule in Variety, Inc. v. Hustad Corporation. There is no reason for this court to assume that the Montana court will now adopt the minority view.[7] It is my

---

motor vehicle. We are not concerned here, however, with the question of whether plaintiff may recover from third-party defendant for the latter's gross negligence, but whether third-party plaintiffs may do so under the principles of "contribution" or "indemnity". This question could arise in any action by a third party (whether a guest passenger or not) where one or both of the motorists claimed the other was more culpable by reason of gross negligence and recklessness.

4. This rule is stated in Restatement, Restitution, § 102:
"Where two persons acting independently or jointly, have negligently injured a third person or his property for which injury both became liable in tort to the third person, one of them who has made expenditures in the discharge of their liability is not entitled to contribution from the other."

5. See, e. g., the Iowa cases of Best v. Yerkes, 1956, 247 Iowa 800, 77 N.W.2d 23, 60 A.L.R.2d 1354; Brandt v. Olson, N.D.Iowa, 1961, 190 F.Supp. 683, 684; and National Farmers Union Property & Cas. Co. v. Nelson, 1967, 147 N.W.2d 839.

6. Dean Prosser criticizes the common law rule barring recovery for contribution but recognizes that "over a period of more than a century only nine American jurisdictions have come to the contrary conclusion, allowing contribution, without legislation". 23 states have statutes permitting contribution to some extent among or between joint tortfeasors. Prosser on Torts (3rd Edition, 1964) § 47, pp. 274–275.

7. "In the absence of legislation, courts exercising a common-law jurisdiction have generally held that they cannot on their own initiative create an enforceable right of contribution as between joint tortfeasors". Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp., 1952, 342 U.S. 282, 285, 72 S.Ct. 277, 279, 96 L.Ed. 318.

conclusion that the amended third-party complaint fails to state a claim for relief on the theory of contribution.

■ The question then arises as to whether the complaint states a claim for relief under applicable principles of indemnity.

In Great Northern Railway Company v. United States, Mont.1960, 187 F.Supp. 690, this court recognized the general rule that joint tortfeasors are not entitled to contribution from each other, but permitted recovery on the theory of indemnity since the act was not caused by any act of the plaintiff. The exception to the general rule was stated as follows:

"Where the parties are not in pari delicto, and an injury results from the act of one party whose negligence is the primary, active and proximate cause of the injury, and another party, who is not negligent or whose negligence is remote, passive and secondary, is nevertheless exposed to liability by the acts of the first party, the first party may be liable to the second party for the full amount of damages incurred by such acts. This exception to the general rule was recognized in Union Stock Yards Co. of Omaha v. Chicago, B & Q. R. Co., 1905, 196 U.S. 217, 25 S.Ct. 226, 49 L.Ed. 453, where the Court said:

'Coming to the very question to be determined here, the general principle of law is well settled that one of several wrongdoers cannot recover against another wrongdoer, although he may have been compelled to pay all the damages for the wrong done. In many instances, however, cases have been taken out of this general rule, and it has been held inoperative in order that the ultimate loss may be visited upon the principal wrongdoer, who is made to respond for all the damages, where one less culpable, although legally liable to third persons, may escape the payment of damages assessed against him by putting the ultimate loss upon the one principally responsible for the injury done.' 196 U.S. at page 224, 25 S.Ct. at page 227."

\* \* \* \* \* \*

Great Northern v. United States has been considered by the Supreme Court of Montana in two cases—Variety, Inc. v. Hustad Corporation, supra, and Crosby v. Billings Deaconess Hospital, Mont. 1967, 426 P.2d 217. In the first case the court held that the exception was not applicable. In the Crosby case, the court quoted from Great Northern in holding that the exception was applicable. In that case a minor was burned by a television switch while a patient in the Billings Deaconess Hospital. The hospital denied that it had committed any wrongful act or omission which caused plaintiff's injury, and in a cross-complaint alleged that it was caused by the negligence of the lessor of the television equipment and sought indemnity for any damages it might be required to pay plaintiff. This is the type of case in which the exception permitting recovery on the theory of indemnity has been applied.

Counsel have not cited nor have I found, any case in which indemnity, as distinguished from contribution, has been held applicable in a case involving a collision between two motor vehicles. This situation was considered in an annotation in 88 A.L.R.2d 1356. The annotation first summarizes the general situations in which indemnity may be granted:

"(1) Where the indemnitee has only an imputed or vicarious liability for damage caused by the indemnitor.

"(2) Where the indemnitee has incurred tort liability by performing at the direction of and in reliance upon the indemnitor an act not manifestly wrong.

"(3) Where the indemnitee has incurred liability by reason of his reliance, even though negligent, upon the duty of care which the indemnitor owed as a supplier of goods.

"(4) Where the indemnitee has incurred liability for failure to correct a hazardous condition which, as between indemnitor and indemnitee, it was the duty of the indemnitor to make safe.

"The ratio decidendi of cases granting indemnity has frequently been expressed in such general terms as that the indemnitee was not personally at fault (see (1) above); the parties were not in pari delicto (see (2) above); the negligence of the indemnitee was merely passive as compared to the negligence of the indemnitor which was active (see (3) above); and the liability of the indemnitee was only secondary as compared to the liability of the indemnitor, which was primary (see (4) above)." [8]

With specific reference to whether a tortfeasor guilty of ordinary negligence may recover indemnity from a joint tortfeasor guilty of gross negligence, the annotation continues:

" * * * Hence, it would seem that such general propositions as have been adduced in support of particular results in cases allowing indemnity as an exception to the general rule will not serve as adequate standards to determine whether or not a tortfeasor guilty of ordinary negligence may recover indemnity against a tortfeasor guilty of gross negligence, wilful or wanton misconduct, or intentional wrongdoing.

" * * *

"The one case found which deals directly with the problem under consideration holds that indemnity is not available as respects the persons and situations postulated." (Citing Jacobs v. General Acc. Fire & Life Assur. Corp., 1961, 14 Wis.2d 1, 109 N.W.2d 462, 88 A.L.R.2d 1347.)

" * * *

"There are a number of cases which, without expressly referring to the distinction between ordinary negligence, on the one hand, and wilful or wanton misconduct or gross negligence, on the other, use language indicating the court's belief that the mere fact that one of two or more persons whose misconduct contributed to the injury of a third person was guilty of more morally reprehensible conduct or of greater negligence than another is insufficient to warrant the granting of indemnity in favor of the latter." (Citing Builders Supply Co. v. McCabe, 1951, 366 Pa. 322, 77 A.2d 368, 24 A.L.R.2d 319; State v. McLaughlin, Mo.App.1958, 315 S.W.2d 499; and Crouch v. Tourtelot, Mo.1961, 350 S.W.2d 799). [9]

Jacobs v. General Acc. F. & L. Assur. Corp., supra, suggests several cogent reasons why the rule of indemnity should not be applied in such cases, including (1) "it seems undesirable * * * in automobile accident situations, to extend the effect of the distinction between gross and simple negligence beyond those effects already recognized;" and (2) any "rule allowing indemnity in this situation would tend to increase or prolong automobile personal injury litigation because of the advantage one defendant would hope to gain by showing that another defendant was guilty of gross negligence".

---

8. See also illustrations cited in Union Stock Yards Co. of Omaha v. Chicago B. & Q. R. Co., supra.

9. Reynolds v. Illinois Bell Telephone Company, 1964, 51 Ill.App.2d 334, 201 N.E.2d 322 held that a third-party complaint stated a cause of action, although this case did not involve a collision between two motor vehicles. A motorist drove through a crosswalk and struck the plaintiff, a minor pedestrian lawfully in the crossing. The motorist settled with the plaintiff under a covenant not to sue. Plaintiff then sought recovery from the defendants alleging negligence in parking too near the crosswalk. The Appellate Court of Illinois, First District held that the defendants were entitled to a trial on the merits of the question whether the motorist's "speeding and failure to yield the right of way to a minor pedestrian made her the primary delinquent compared with defendants who were guilty of a parking violation."

In Builders Supply Co. v. McCabe, supra, a third party obtained a judgment against Builders Supply Co. Builders sought contribution or indemnity from McCabe. In reversing a judgment in favor of Builders, the Pennsylvania Supreme Court said in part:

"The right of indemnity rests upon a difference between the primary and the secondary liability of two persons each of whom is made responsible by the law to an injured party.

"It is a right which enures to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable.

"The difference between primary and secondary liability is not based on a difference in degrees of negligence or on any doctrine of comparative negligence,—a doctrine which, indeed, is not recognized by the common law.

It depends on a difference in the character or kind of the wrongs which cause the injury and in the nature of the legal obligation owed by each of the wrongdoers to the injured person. * * * *"

After citing examples, the court continued:

"Without multiplying instances, it is clear that the right of a person vicariously or secondarily liable for a tort to recover from one primarily liable has been universally recognized. But the important point to be noted in all the cases is that secondary as distinguished from primary liability rests upon a fault that is imputed or constructive only, being based on some legal relation between the parties, or arising from some positive rule of common or statutory law or because of a failure to discover or correct a defect or remedy a dangerous condition caused by the act of the one primarily responsible."

Third-party plaintiffs rely strongly on United Airlines, Inc. v. Wiener, 9 Cir. 1964, 335 F.2d 379, involving 31 cases arising out of a midair collision between a commercial airliner owned by United and an Air Force jet fighter. All of the actions were brought under the Nevada Wrongful Death Statute. Nevada has no statutes relating to contribution or indemnity. In considering whether United was entitled to indemnity, the court recognized that the "common law principles of non-contractual indemnity and contribution among persons jointly liable in tort to a third party are not susceptible of definite and precise articulation". The court analyzed the various bases of liability for indemnity, citing the annotation in 88 A.L.R.2d quoted supra. In concluding that United was entitled to indemnity in the nongovernment employee cases, the court said in pertinent part:

"United's duty to appellees' decedents was to exercise the highest degree of care; the government's duty was to exercise ordinary care. The government's negligent acts occurred literally from the start to the finish of this tragic incident. The cumulative effect of these negligent acts was to dispatch United's flight 736 and the government's high-speed jet training mission, conducted by a student pilot who was virtually blindfolded and an instructor whose cockpit preoccupations were greater than ordinarily demanded of pilots flying under VFR conditions and responsibilities, into the same area without warning to those in control of either craft. If we accept the government's assertions, the government's pilots discovered United's peril in time to effectively respond but engaged in a maneuver destined to encounter rather than to evade. Contrasted with all of this is the finding that United's pilots, to some disputed degree of probability, could have seen the jet and, in discharge of the obligation to exercise the highest degree of care for their passengers, should have

seen and avoided the jet.[10] In view of the disparity of duties, the clear disparity of culpability, the likely operation of the last clear chance doctrine and all the surrounding circumstances, the findings that United and the government were *in pari delicto* are clearly erroneous and we hold that there is such difference in the contrasted character of fault as to warrant indemnity in favor of United in the nongovernment employee cases."[11] 335 F.2d at 402.

As noted supra, no case has been found where this rule has been extended to a collision between two motor vehicles. If indemnity were permitted in a case of this nature, it could arise in any action where a third person had a possible cause of action against two motorists. Each motorist could claim indemnity by alleging gross negligence of the other. This would result in the undesirable situation suggested by the Wisconsin court in Jacobs. The plaintiff in this action in order to recover from the defendants must of course prove that the defendants were negligent and that their negligence was a proximate cause of plaintiff's injury. If this is not established, there is no liability, and no question of possible indemnity could arise. It is my conclusion that this is not a case where the principles of indemnity are applicable.

In view of my conclusion that the third-party complaint should be dismissed, it is unnecessary to consider the remaining questions raised by third-party defendant.

It is ordered that the third-party complaint is dismissed for failure to state a claim, and that the cross-claim of the defendant Arden Leas is dismissed without prejudice.

---

10. In a footnote the court pointed out that it is "generally agreed * * * that the failure to discover unsafe conditions created by a joint tortfeasor constitutes 'passive' negligence and does not bar indemnity".

11. United is distinguishable from the instant case. The United States owed a duty to warn the pilot in charge of the United craft, and its negligence in sending its training mission into the same area without warning to those in control of either craft created the unsafe condition which resulted in a midair collision.