No. 12666

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

AUTOMOBILE CLUB INSURANCE COMPANY,

Plaintiff and Appellant,

-vs-

TOYOTA MOTOR SALES, U.S.A., INC., and
TOYOTA MOTOR COMPANY, LTD.,

Defendants and Respondents.

---

Appeal from: District Court of the Eighteenth Judicial District,
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellant:

Bennett and Bennett, Bozeman, Montana
Lyman Bennett, Jr. argued and Lyman Bennett, III
argued, Bozeman, Montana

For Respondents:

Berg, Angel, Andriolo and Morgan, Bozeman, Montana
Charles F. Angel argued, Bozeman, Montana

---

Submitted: June 13, 1974

Decided: FEB 18 1975

Filed: FEB 18 1975

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a summary judgment granted defendants in the district court, Gallatin County.

This cause arose out of an accident in Gallatin County and is the same accident involved in Brandenburger v. Toyota Motor Sales, U.S.A., Inc., ____Mont.____, 513 P.2d 268, 30 St.Rep. 808. In a motion for summary judgment plaintiff asked the trial court to take judicial notice of all records, pleadings, facts and the decision by this Court in Brandenburger and concluded that the decision in the trial court and in this Court on appeal, were res judicata.

Here, the complaint is one whereby plaintiff Automobile Club Insurance Company, insurer of Tafford Oltz, driver of the Toyota, by way of indemnity seeks recovery from Toyota for the sum of $50,000 which is the amount plaintiff paid on behalf of Oltz on the Brandenburger verdict and judgment against Oltz and Toyota, and for the recovery of monies incurred by plaintiff in defending for Oltz the claim on which the judgment was based. Four separate claims predicating liability are made:

1) Strict liability in tort;

2) Alleged breach of express warranty;

3) Alleged breach of implied warranty of merchantability; and

4) Alleged breach of implied warranty of fitness for a particular purpose.

In Brandenburger, Oltz filed a cross complaint against Toyota based on idemnity. The complaint in the instant cause is essentially the same as that cross complaint except that there were no allegations of negligence in manufacture and design of the vehicle in question here, whereas such allegations were contained in the cross complaint for indemnity in Brandenburger.

At the close of all testimony in Brandenburger on behalf of Toyota, a motion was made to dismiss the indemnity cross complaint on the grounds the evidence showed as a matter of law that Oltz was

- 2 -

guilty of active negligence which was the proximate cause of the accident and Brandenburger's death. That same premise was carried forward in the answer filed in the instant cause in the third defense wherein it is alleged:

> "That the injuries and damages of which plaintiff complains, if any, were contributed to and proximately caused by the negligence of Tafford E. Oltz, upon whose right of recovery the plaintiff depends."

The trial court initially granted the motion and then later took it under advisement, but did not instruct the jury on indemnity. Subsequently in the settlement of instructions, counsel for Toyota agreed that there would be no claim of waiver of the indemnity cross claim merely because it was not disposed of in Brandenburger.

Here it is contended, however, that the verdict of the jury and the decision of this Court in Brandenburger are res judicata as to certain controlling factors. Therefore, in properly applying the concept of res judicata to this case it becomes necessary to clearly ascertain just what the Brandenburger decision determined.

As to the jury verdict, it is important to note that that claim was submitted to the jury insofar as Oltz was concerned on a charge of gross negligence in the operation of the vehicle. As to the Brandenburger claim against Toyota, it was based on alleged negligence and strict liability in tort. The jury in returning a verdict in favor of plaintiff against Oltz and Toyota in effect found Oltz guilty of gross negligence and Toyota either guilty of negligence in manufacture and design or that the vehicle was defective and in an unreasonably unsafe condition. The effect of that determination by the Brandenburger jury is a determination of res judicata as to the above matters.

Toyota argues that the jury determination in Brandenburger is res judicata only as to the following propositions:

1) Oltz was guilty of gross negligence which was the proximate and contributing cause of the accident and Brandenburger's death. In other words, but for his gross negligence, the accident would not have happened and Brandenburger would not have been killed.

2)  That Toyota was either guilty of negligence, or that the vehicle in question was in a defective or unreasonably unsafe condition, and that such negligence or condition also contributed as a proximate cause of Brandenburger's death.

This Court's decision in Brandenburger made no determination Toyota was strictly liable to plaintiff insurance company by way of indemnity for that issue was not before the Court.  The decision of this Court was that the doctrine of strict liability in tort was applicable in Montana; that the instructions on that issue were correct; that there was sufficient evidence to show that the vehicle in question was in a defective and unreasonably dangerous condition; and, that such dangerous condition contributed as a proximate cause of Brandenburger's death.

We will not set forth in detail the facts of Brandenburger v. Toyota Motor Sales, et.al., _____Mont._____, 513 P.2d 268, 30 St.Rep. 808.  Reference is made to that case for the fact situation.

Here, three issues are presented.  Did the trial court err in:

1)  Determining that no right of indemnity by plaintiff against defendants existed?

2)  Denying plaintiff's motion for summary judgment?

3)  Granting defendants' motion for summary judgment?

As to issue No. 1, the verdict in Brandenburger against Oltz and Toyota clearly determed they were joint tortfeasors.  Such a determination is res judicata as to the parties here involved in the present indemnity litigation.

The general rule is a joint tortfeasor is not entitled to either contribution or indemnity.  As noted by Judge Jameson in Panasuk v. Seaton, 277 F.Supp. 979, 980:

> "The rule is well settled in Montana that, 'if the concurrent negligence of two or more persons causes an injury to a third person, they are jointly and severally liable, and the injured person may sue them jointly or severally, and recover against one or all'. [Citing cases]  * * *  the Montana court also recognized the general rule that 'one of the several wrongdoers cannot recover against another wrongdoer although he may have been compelled to pay all the damages for the wrong done.'"

The "conflicting views" regarding the right of contribution as between joint tortfeasors is well summarized in the Annotation, 60 ALR2d 1366. See also: 18 Am Jur 2d, Contribution § 33; 41 Am Jur 2d, Indemnity §20. There are exceptions but, where each tortfeasor is chargeable with affirmative negligence, neither is entitled to indemnity or contribution. 41 Am Jur 2d, Indemnity §21.

Two recent opinions of this Court involved the question of indemnity between joint tortfeasors but are distinguishable. St. Paul Fire and Marine Ins. Co. v. Thompson, 152 Mont. 396, 451 P.2d 98; Crosby v. Billings Deaconess Hospital, 149 Mont. 314, 426 P.2d 217. While indemnity was allowed in Thompson it was on the basis of imputed negligence or responsibility under the doctrine of respondeat superior not on any independent act of negligence of the employer.

In Crosby this Court reversed a summary judgment of the trial court but noted that the hospital's claim for indemnity would be defeated if the evidence showed that its (hospital's) responsibility to plaintiff was that of an active tortfeasor. See also: Great Northern Railway Company v. United States, 187 F.Supp. 690.

As to any claim that the indemnity sued for in this cause is based upon warranty, we find that Oltz's active negligence which contributed as a proximate cause to the accident bars any recovery. In a case similar to Brandenburger on the facts, the Washington Court denied indemnity, Northwestern Mutual Insurance Co. v. Stromme, 4 Wash.App. 85, 479 P.2d 554, 556, and said:

> "In conjunction with this assignment of error, plaintiff contends the doctrine of strict liability imposes a sufficient degree of liability on defendants for injury to the user of its product to establish the primary-secondary relationship between tort feasors required to invoke the exception to the indemnity prohibition rule. Assuming arguendo that there might be strict liability imposed upon defendants for injuries suffered by the user of a defective product in such a situation, this does not diminish the quantum, or change the character, of liability attributable to plaintiff's insured.

"Washington's recent adoption of strict liability as a basis for tort action against a manufacturer does not, of itself, raise the tort feasor's liability thereunder to a higher plateau or degree than the user's liability which stems from the use of the product causing the injury; nor does it change our indemnity law pertaining to joint tort feasors. The facts surrounding the incident giving rise to the initial cause of action and the duties breached by the tort feasors determine whether indemnity will be permitted, not the theory upon which their liability may be based. We believe Rufener v. Scott, supra, contains one of the clearer statements of the law applicable to this issue wherein it states 46 Wash.2d at 243, 280 P.2d at 255, quoting from 27 Am.Jur.Indemnity §18:

"'* * * one constructively liable for a tort is generally held entitled to indemnity from the actual wrongdoer, regardless of whether liability is imposed on the person seeking indemnity by statute or by rule of * * * law, * * *.'

(Italics ours.) In other words, if the tortious conduct of the wrongdoer, regardless of the underlying theory of liability, does nothing more than furnish a condition to which a subsequent independent 'act' of a co-wrongdoer occurs, the tort feasors are not in pari delicto and indemnity may be allowed. Conversely, if each of the tort feasor's acts although independent concur in establishing the basis for the actual liability, they are in pari delicto and indemnity will not be allowed.

"In the instant appeal plaintiff's cause was dismissed at the close of its case. The trial court found as a matter of law that Mrs. Blacklaw was liable to Curtis for (1) operating an automobile with a defective brake system, (2) failing to sound her horn to warn Curtis of her approach, and (3) failing to apply her emergency brake. If only (1) had been the basis for the trial court's decision we would be compelled to reverse and remand the case for a factual determintation of other possible sources of Mrs. Blacklaw's liability. The actual wrongdoer in such a situation could be the retailer or the manufacturer who placed the defective automobile in her possession. [Citing case.] However, the presence of (2) and (3) establish actual liability in addition to her constructive fault. Thus, her tortious conduct concurred with defendants' in producing the injury and this concurrence precludes indemnity."

We hold the jury's finding in Brandenburger that Oltz was grossly negligent is controlling and this precludes appellant insurance company from receiving indemnity.

Having so found there can be no error in the trial court's failure to grant summary judgment for appellant. Granting of summary judgment for respondent was proper.

The judgment is affirmed.

_John Conway Harrison_
Justice

- 6 -

We Concur:

---------------------------------------
Chief Justice

~~~signature~~~

~~~signature~~~

---------------------------------------
Justices.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Mr. Justice Frank I. Haswell, specially concurring:

I concur in the result. However, in my view, the rule of collateral estoppel rather than res judicata is involved here. See Gessell v. Jones, 149 Mont. 418, 427 P.2d 295, for the distinction.

---------------------------------------
Justice