AMERICAN HOME ASSURANCE COMPANY and Westminster Insurance Managers, Inc., et al., Plaintiffs-Appellants,

v.

CESSNA AIRCRAFT COMPANY, Defendant-Appellee.

No. 76–1219.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Jan. 28, 1977.

Decided March 16, 1977.

Windle Turley, Dallas, Tex. (John Howie, Law Offices of Windle Turley, Dallas, Tex., on the brief), for plaintiffs-appellants.

David K. Watkiss, Salt Lake City, Utah (Glen E. Davies and Gregory B. Monson of Watkiss & Campbell, Salt Lake City, Utah, on the brief), for defendant-appellee.

Before LEWIS, Chief Judge, and BREIT-ENSTEIN and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

In this diversity action, the insurors of the pilot and the owners of an airplane seek indemnity from the manufacturer of the plane for amounts paid under their policy for injuries and damages arising out of the crash of the plane. The trial court sustained the manufacturer's motion to dismiss

on the ground that indemnity was not recoverable under Montana law. We reverse.

Technical defects in the record caused us to require the parties to address the question of whether a final appealable order is before us for review. They have done so. We are now convinced that the errors were clerical and do not affect the substantial rights of any party to the appeal. Accordingly, we shall determine the issues presented.

The plane was manufactured by defendant-appellee Cessna Aircraft Corporation and was owned by Robert Pinder and another. On October 10, 1969, when taking off from a Montana landing field with Pinder as pilot, the plane crashed. Pinder and two passengers, Larry F. Robb and George R. Adams were injured. A third passenger, Richard Adams, was killed. The plane was destroyed.

American Home Assurance Company and Westminster Insurance Managers, Inc., insured the plane owners and pilot against liability and damage to the plane. Claims were asserted against the insurors and settlement negotiations were undertaken with the two injured passengers and the representatives of the deceased passenger. On July 9, 1971, an agreement was made by the insurors with the claimants whereby the claimants agreed to prosecute an action against Cessna. The insurors guaranteed a recovery of $240,000 for the claimants. No settlement could be made by the claimants with Cessna unless the insurors agreed.

In September, 1971, the claimants filed an action against Cessna alleging negligent design and manufacture, breach of express and implied warranties, and strict liability in tort. In its answer Cessna denied liability and affirmatively pleaded that the accident and injuries were solely caused by the negligence of the pilot. Cessna by motion sought the alternative relief of dismissal or the joinder of the insurors. The motion alleged, and attacked, the settlement between the insurors and the claimants. The court entered a show cause order against the insurors.

After hearings on the matter, the court found the settlement agreement to be void as contrary to public policy. It ordered a restructuring of the parties making Pinder, and therefore the insurors, a defendant in the passengers' suit against Cessna.

In July, 1973, the attorneys for the claimants, Cessna, and the insurors entered into a stipulation which recited that the plaintiffs' claims against the insurors "have been compromised and settled by the payment of $100,000 to Larry F. Robb, $40,000 to George R. Adams and $100,000 to the Estate of Richard Adams, deceased, under a Covenant Not to Sue by the terms of which all claims against defendant [Cessna] were reserved." The stipulation provided that the insurors were joined as additional parties plaintiff.

Pursuant to the court's order under the stipulation the insurors filed a complaint alleging the payment of the $240,000 plus $28,000 to the owners of the plane. The cause of action asserted against Cessna was essentially the same as that asserted by the original plaintiffs. Insurors sought recovery from Cessna for the $268,000 which they had paid.

■ Cessna answered and discovery proceedings were undertaken. Cessna and the insurors each submitted interrogatories which were answered and the answers filed for the record. The court signed a stipulated pre-trial order. The pre-trial order "measures the dimensions of the lawsuit, both in the trial court and on appeal." *Hodgson v. Humphries*, 10 Cir., 454 F.2d 1279, 1281; see also Rule 16, F.R.Civ.P. No objections to, or amendments of, the pre-trial order have been made.

With reference to the insuror's claims, the order said that the injured passengers and the estate of the deceased passenger brought suit against Pinder, the pilot, an insured under the American Home and Westminster policy, for damages. The insurors settled the claims and obtained dismissal of the action. Insurors sought indemnification from Cessna for the sums paid in the settlement. Insurors claimed that Cessna was liable because of negligent

manufacture, breach of warranty, and strict liability in tort and that such conduct was the sole and proximate cause of the crash.

With regard to the Cessna claims, the pre-trial order said that Cessna asserts that it was not negligent, that the proximate cause of the crash was the negligence of the pilot, and that the insurors made the settlement payments voluntarily.

█ Cessna again moved to dismiss. In granting the motion the court said that "under the facts of this case" and under controlling Montana law, the insurors have no claim for indemnification. If the court considered matters outside the pleadings, and not excluded by it, Rule 12(b) requires that the motion be taken as one for summary judgment and disposed of as provided in Rule 56. See *Torres v. First State Bank,* 10 Cir., 550 F.2d 1255 (opinion filed March 3, 1977). The court did not comply with Rule 56.

If the court did not consider matters outside of the pleadings, in this case outside of the stipulated pre-trial order, we have the question of whether Montana law permits the insurors to recover indemnity from Cessna. Two related problems are presented. The first is whether one alleged tortfeasor may recover indemnity from another alleged tortfeasor. In this regard it must be remembered that no judicial determination has been made as to the negligence of either the pilot or the manufacturer. The second is whether the insurors are precluded from obtaining indemnity from the manufacturer because they made the settlement payments voluntarily.

We turn to the pertinent Montana decisions. In *Great Northern Railway Company v. United States,* D.C.Mont., 187 F.Supp. 690, the situation was that a business invitee of the railroad, while on the railroad's premises, was struck by a mail pouch thrown from a passing train by a federal postal clerk. The invitee sued the railroad, and it settled with him. The railroad then sued the United States for indemnity. The court allowed indemnity, holding that there was no negligence on the part of the rail-road and that the railroad was justified in settling with the injured invitee.

The Montana Supreme Court has cited the Great Northern decision with approval in *Crosby v. Billings Deaconess Hospital,* 149 Mont. 314, 426 P.2d 217, 220; *Fletcher v. City of Helena,* 163 Mont. 337, 517 P.2d 365, 368, and *Automobile Club Insurance Company v. Toyota Motor Sales,* 166 Mont. 221, 531 P.2d 1337, 1340. In *Crosby* a patient sued a hospital for injuries received in the use of equipment leased by the hospital. The hospital settled with the patient and sought indemnity from the lessor of the equipment. The trial court gave summary judgment for the lessor and the Montana Supreme Court reversed saying that there was a genuine and material factual issue whether the patient was injured solely through the negligence of the hospital.

In *Fletcher v. City of Helena,* 163 Mont. 337, 517 P.2d 365, an injured person had recovered a judgment against a city and the city sought indemnity from a power company. The court quoted with approval from Great Northern and denied indemnity because the undisputed facts showed that city was guilty of active negligence.

*Automobile Club Insurance Company v. Toyota Motor Sales,* 166 Mont. 221, 531 P.2d 1337, was a case in which an insuror had paid a judgment based on the negligence of its insured and then sought indemnity from the manufacturer of the car owned and used by the insured. The court said that the jury's finding in the case against the insured that the driver was grossly negligent "is controlling and this precludes appellant insurance company from receiving indemnity." 531 P.2d at 1341.

Other pertinent Montana decisions are *St. Paul Fire and Marine Insurance Co. v. Thompson,* 152 Mont. 396, 451 P.2d 98 (indemnity allowed); *DeShaw v. Johnson,* 155 Mont. 355, 472 P.2d 298 (summary judgment not proper on indemnity claim); and *Duchesneau v. Silver Bow County,* 158 Mont. 369, 492 P.2d 926 (summary judgment not proper on indemnity claim). There is no need to explore the law of other states. *United States v. Acord,* 10 Cir., 209

F.2d 709, cert. denied 347 U.S. 975, 74 S.Ct. 786, 98 L.Ed. 1115, is not on point. The court applied Oklahoma law and held that there was no indemnity because the indemnitor and indemnitee were "concurrent and joint tort-feasors." Ibid. at 716.

■ The Montana law is that when each tortfeasor is affirmatively negligent neither is entitled to indemnity. *Automobile Club Insurance Company v. Toyota Motor Sales,* 531 P.2d at 1340. The question of affirmative negligence is disputed in the instant case and may not be determined on a summary judgment motion. *Crosby v. Billings Deaconess Hospital,* 426 P.2d at 220, and *DeShaw v. Johnson,* 472 P.2d at 302. In the case at bar the court erred in dismissing the action without a trial of the affirmative negligence issue.

This brings us to Cessna's argument that the insurors may not recover indemnity because they made a voluntary settlement. Montana has held, *State Highway Commission v. Arms,* 163 Mont. 487, 518 P.2d 35, 37, that: "Compromises are favored by the Court." We have said that: "The inveterate policy of the law is to encourage, promote, and sustain the compromise and settlement of disputed claims." *Tulsa City Lines v. Mains,* 10 Cir., 107 F.2d 377, 380; see also *Stanspec Corporation v. Jelco, Incorporated,* 10 Cir., 464 F.2d 1184, 1187.

■ We reject the Cessna argument that a settlement is voluntary unless made under legal compulsion. Here, the pre-trial order recites that suit was brought against the insured covered by the policy. The insurors were exposed to liability. The insurors were required to exercise foresight, rather than hindsight, in evaluating their possible liability. See *Chicago, Rock Island & Pacific Ry. Co. v. United States,* 7 Cir., 220 F.2d 939, 941. The controlling issue is whether the insurors were "justified in effecting a fair and reasonable settlement without resisting the litigation, * * * to the point of a jury or directed verdict." *Great Northern Railway Company v. United States,* D.C.Mont., 187 F.Supp. 690, 697. A question of fact, not of law, was presented.

■ An action may not be dismissed for failure of the pleadings to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 44–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80. In the case at bar the stipulated pre-trial order presents the factual questions of whether the plane pilot or the plane manufacturer or both were affirmatively negligent and of whether the insurors reasonably made a fair and proper settlement. These questions of fact may not be decided on a motion to dismiss for failure to state a claim.

Reversed and remanded for further proceedings in the light of this opinion.