No. 14676

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

CONSOLIDATED FREIGHTWAYS
CORPORATION OF DELAWARE,
a Delaware corporation,

Petitioner,

-vs-

JUNE OSIER and MARGARET COLLINS,

Respondents.

---

On Certification from: U.S. District Court of Montana, Missoula, Division
Hon. Russell E. Smith, U.S. District Judge presiding.

Counsel of Record:

For Petitioner:

Corette, Smith, Dean, Pohlman and Allen, Butte, Montana
R. D. Corette, Jr. argued, Butte, Montana

For Respondents:

Poore, Roth, Robischon & Robinson, Butte, Montana
David J. Wing argued, Butte, Montana

---

Submitted: June 7, 1979
Decided: OCT 12 1979

Filed: OCT 12 1979

Thomas J. Kearney
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

The Hon. Russell E. Smith, a senior United States District Judge for the District of Montana, has certified to us a question of law in which it appears there are substantial grounds for difference of opinion, the adjudication of which by this Court would materially advance a decision in federal litigation. The question is certified as follows:

> "As a matter of substantive Montana law, does a tort-feasor have a cause of action for contribution or indemnity against any joint tort-feasor not joined by the plaintiff as a party defendant?"

That question, stated tersely according to the manner of Judge Smith, presents us with a tangle of legal problems in the proportion of a Gordian knot. It would be nice if we could, as Alexander the Great, slice to the heart of the matter with a monosyllabic sword to answer "yes" or "no". Instead we must answer "yes and no" and detail our explanations hereunder.

The problem certified arises out of a collision on December 8, 1977, near Deer Lodge, Montana, between a Consolidated Freightways tractor-double trailer unit and a Plymouth automobile. June Osier, a passenger in the Plymouth, brought action against Consolidated Freightways in the federal court for damages claimed to have resulted from the collision. Consolidated sought to bring the driver of the Plymouth, Margaret Collins, into the action as a third-party defendant on a claim of indemnity if Consolidated were found to be liable to June Osier. On motion, the federal district judge dismissed the third-party complaint for indemnity. Consolidated filed an amended third-party

-2-

complaint against Margaret Collins, praying that Margaret Collins be required to contribute to the damages established by June Osier in conformance with section 27-1-703, MCA. Before deciding the motion to dismiss the amended third-party complaint, Judge Smith certified the legal questions to us for determination as to the applicable Montana law.

As to tortfeasors not joined by the plaintiff as a party defendant, the problem certified to us states two phases: (1) whether a sued tortfeasor has a cause for action for contribution against a nonjoined tortfeasor, and (2) whether a sued tortfeasor has a cause of action for indemnity against a nonjoined tortfeasor.

It was always assumed as a part of the established law in Montana that there is no right to contribution among joint tortfeasors. Panasuk v. Seaton (U.S.D.C. Mont. 1965), 277 F.Supp. 979; Variety Incorporated v. Hustad Corporation (1965), 145 Mont. 358, 368, 400 P.2d 408, 414. This assumption was shaken by the passage of section 27-1-702, MCA, the comparative negligence statute in 1975, and its companion section 27-1-703, MCA, the statute providing for contribution between multiple defendants jointly and severally liable to a plaintiff.

Section 27-1-703, MCA, makes it necessary to subdivide the contribution phase of the problem certified to us into two subissues: (1) Did the passage of section 27-1-703, MCA, strip from the body of established law in Montana the rule against contribution among all joint tortfeasors, and (2) if it did not, should Montana now move by judicial fiat to abolish such rule.

As the Hon. William J. Jameson, United States District Judge, pointed out in Panasuk, supra, Montana may not have expressly adopted the rule against contribution among joint tortfeasors in any particular case but the rule was certainly

-3-

recognized in statements made by the Montana court. For example, Variety, supra. Recognition of the rule however, was inherent in Montana's emphatic declarations that joint tortfeasors were jointly and severally liable to the plaintiff. In Jones v. Northwestern Auto Supply Co. (1932), 93 Mont. 224, 231, 18 P.2d 305, 307, we stated "[t]he rule was well settled that, 'if the concurrent negligence of two or more persons causes an injury to a third person, they are jointly and severally liable, and the injured person may sue them jointly or severally, and recover against one or all.'" See Black v. Martin (1930), 88 Mont. 256, 292 P. 577, 580. For that reason, if the injured party accepted satisfaction in full and released one joint tortfeasor, the release operated as satisfaction for the injuries as to all joint tortfeasors. Black, supra.

In Auto Cl. Ins. Co. v. Toyota Mot. Sales, USA, Inc. (1975), 166 Mont. 221, 225, 531 P.2d 1337, 1339, this Court accepted the statement by Judge Jameson in Panusuk that a joint tortfeasor is not entitled either to contribution or indemnity from another tortfeasor. Therefore, prior to 1977, it was safe to assume that Montana, though not expressly declaring so, was committed to the principle that one of several wrongdoers could not recover against another wrongdoer for contribution, even though he may have been compelled to pay the whole judgment to the injured plaintiff.

After the comparative negligence statute was adopted in 1975, the Montana Legislature considered and adopted section 27-1-703, MCA, respecting contribution, which provides as follows:

> "Multiple defendants jointly and severally liable-- right of contribution. (1) Whenever the comparative negligence of the parties in any action is an issue and recovery is allowed against more than one party, each such party is jointly and severally liable for the amount awarded to the claimant but has the right of contribution from any other party against whom recovery is allowed. Contribution shall be proportional to the negligence of the parties against whom recovery is allowed.

-4-

"(2) If for any reason all or part of the con-
tribution from a party liable for contribution
cannot be obtained, each of the other parties against
whom recovery is allowed is liable to contribute
a proportional part of the unpaid portion of the
noncontributing party's share and may obtain judgment
in a pending or subsequent action for contribution
from the noncontributing party."

On its face, section 27-1-703, MCA, has limited application. It applies only in comparative negligence cases and only where recovery is allowed against more than one party. Further, it provides for contribution in proportional rather than prorata or equitable degrees.

Therefore, section 27-1-703, MCA, does not apply to a case where an innocent plaintiff, that is, a plaintiff who is not guilty of any contributory negligence, sues one of two or more joint tortfeasors for the injuries sustained. Unless the plaintiff is guilty of some degree of contributory negligence, there is no negligence to be compared with that of the defendant or defendants in a comparative negligence case. See, Wenatchee Wenoka Growers Ass'n. v. Krack Corp. (1978), 89 Wash.2d 847, 576 P.2d 388, 389, 390.

Since section 27-1-703, MCA, applies only to comparative negligence cases, we adhere to the rule that this statute does not grant a right of contribution among joint tortfeasors where comparative negligence is not an issue.

We further hold that even in comparative negligence cases, the right of contribution granted in section 27-1-703, MCA, applies only to defendants against whom judgment has been recovered by the plaintiff. The terms of the statute itself appear to command that result. It speaks of contribution in paragraph (1) where "recovery is allowed against more than one party", and in paragraph (2) provides what

-5-

occurs if contribution cannot be obtained "from a party liable for contribution." That language is not an invitation to engage in third party practice under Rule 14, Mont.R.Civ.P. One reason is that Rule 14 is a procedural rule, and is not intended to alter, expand or abridge substantive rights. Moore's Federal Practice, §14.03[1]. There was no substantive right to contribution in 1975 or 1977, when the comparative negligence statutes were adopted in Montana. Another reason is that there is no indication of legislative intent, unless legislative intent can be found by implication, to change the substantive rule against contribution among joint tortfeasors.

In examining the legislative history of section 27-1-703, MCA, to see if the legislature by implication intended to do away with the substantive rule, we find a strong indication to the contrary. When the legislature in 1977 was considering the bill which eventually became section 27-1-703, MCA, that body decided not to take a quantum leap into the unknown. House Bill No. 320, 45th Legislature, 1977, originally provided in addition to the present pro-visions of section 27-1-703, MCA, for (1) joinder of any parties whose negligence may have contributed as a proximate cause to the damages claimed by the plaintiffs; (2) the abolition of the last clear chance doctrine; and, (3) a definition of negligence in strict liability and breach of warranty cases that would give rise to the defense of contributory negligence. The legislature struck these proposals before adopting section 27-1-703, MCA, in its present form.

-6-

The refusal of the legislature to permit mandatory joinder of all tortfeasors in an action on the motion of any party furnishes us with a strong implication that the legislature, in adopting that statute, did not intend to change the substantive rule against contribution among joint tortfeasors.

We move now to a consideration of the second phase of the contribution issue, that is, although the passage of section 27-1-703, MCA, may not have done so, should this Court now move on its own to abolish the rule against contribution between joint tortfeasors. Consolidated urges that other states have not waited for legislatures to act, but have through judicial decisions provided for contribution among all joint tortfeasors, sued and not sued as defendants in an action. Consolidated cites Maine (Bedell v. Reagan, 459 Maine 292, 192 A.2d 24 (1963); Wisconsin (Bielski v. Schulze, 16 Wis.2d 1, 114 N.W.2d 105 (1962); and Washington, D.C. (Knell v. Feltman, 174 F.2d 662 (D.C., C.A. 1949)). New York may have also done so in Kelly v. Long Island Lighting Co. (N.Y. 1972), 286 N.E.2d 241; Dole v. Dow Chemical Company (N.Y. 1972), 282 N.E.2d 288. The State of Washington, on the other hand, refused to move in that direction in Wenatchee Wenoka Growers Ass'n. v. Krack Corp. (1978), 89 Wash.2d 847, 576 P.2d 388. The analysis of the Washington state court is persuasive:

> "Krack first suggests contribution between tortfeasors is the natural corollary of the comparative negligence principle expressed in RCW 4.22.010. We agree the comparative concept of RCW 4.22.010 expresses a new public policy in this state. See also Godfrey v. State, 84 Wash.2d 959, 530 P.2d 630 (1975). Yet, we are not fully convinced that this comparative concept compels abrogation of the no-contribution rule.

-7-

"Comparative negligence and contribution both represent serious attempts to achieve greater fairness in tort law. But, the underlying policy considerations of each are quite different. See, e.g., Comment, Comparative Negligence, 49 Wash.L.Rev. 705 (1974); W. Prosser Law of Torts § 50 (4th Ed. 1971); C. R. Heft & C. J. Heft, Comparative Negligence Manual § 12.0 (1976); Leflar, Contribution & Indemnity Between Tortfeasors, 81 U.Pa.L.Rev. 130 (1932); Reath, Contribution Between Persons Jointly Charged for Negligence --Merryweather v. Nixon, 12 Harv.L.Rev. 176 (1898).

"Comparative negligence is directed at compensating one who has suffered a tort-related loss. Prosser, Comparative Negligence, 51 Mich.L.Rev. 465 n.2 (1953). Comparative negligence means comparison of the negligence of the plaintiff and the defendant. Amend v. Bell, 89 Wash.2d 124, 570 P.2d 138 (1977); Bradley v. Maurer, 17 Wash.App. 24, 29, 560 P.2d 719 (1977). One who has suffered damages is allowed to seek recovery even though his own negligence may have proximately caused the injury complained of. RCW 4.22.010; Godfrey v. State, supra.

"Contribution, on the other hand, is directed at equitably distributing between or among tortfeasors the responsibility for paying those damages suffered by the injured party. See Prosser, Law of Torts at 307; Commissioners' Prefatory Note (1939 Act), Uniform Contribution Among Tortfeasors Act, 12 U.L.A. 60 (1975). Contribution, unlike comparative negligence, is neither related to the damages an injured party is entitled to receive nor to the question of whether that injured party should receive less than his full damages suffered from a tort-related loss." Wenatchee, 576 P.2d at 389, 390.

Abolition of the substantive Montana rule against contribution among joint tortfeasors would be a giant step in the legal history of Montana. Such an abolition would reach into every aspect of tort law where more than one tortfeasor was involved. Moreover, the comparative negligence statutes in Montana are relatively new. To date, we have not been called upon to render a decision concerning the substantive law underlying the comparative negligence statute, or its companion contribution statute. Those facts, in addition to the refusal of the legislature to adopt mandatory contribution among joint tortfeasors, leads us to conclude that the wiser course is not to rush in where the legislature feared to tread.

The other portion of the question certified to us by Judge Smith is whether a tortfeasor has a cause of action for indemnity against any joint tortfeasor not joined by the plaintiff by a party defendant.

"Indemnity" shifts the entire loss from one party compelled to bear it to the shoulders of another who should bear it instead. One court has referred to indemnity as contribution "in the extreme form." United States v. Savage Truck Line, Inc. (U.S.C.A. 4th, 1953), 209 F.2d 442, 447.

In Crosby v. Billings Deaconess Hospital (1967), 149 Mont. 314, 426 P.2d 217, this Court sanctioned a cross-claim for indemnity by the hospital against the manufacturer of a television regulator switch which had burned the mouth of a patient in the hospital. The hospital claimed that it was entitled to indemnity for any damages it might be required to pay the plaintiff due only to the relationship between the plaintiff and the hospital, and not due to any negligence on the part of the hospital. In permitting the claim for indemnity, we quoted with approval, the language from Great Northern Railway Company v. United States (D.C. Mont. 1960),187 F.Supp. 690, 693, which said:

> "Where the parties are not in pari delicto, and an injury results from the act of one party whose negligence is the primary, active and proximate cause of the injury, and another party, who is not negligent or whose negligence is remote, passive and secondary, is nevertheless exposed to liability by the acts of the first party, the first party may be liable to the second party for the full amount of damages incurred by such acts."

In Panasuk v. Seaton (U.S.D.C. Mont. 1968), 277 F.Supp. 979, Judge Jameson, who had written the Great Northern decision, reviewed the law pertaining to right of indemnity among joint tortfeasors. He concluded that he found no case where the rule permitting an action for indemnity had been extended to a collision between two vehicles. In effect Judge Jameson

-9-

concluded to permit indemnity as to a nonjoined tortfeasor in motor vehicle cases would open the door to an indemnity claim in every tort action involving multiple tortfeasors. The rule in Panasuk has been endorsed by this Court in Auto Cl. Ins. Co. v. Toyota Mot. Sales, supra; Crosby v. Billings Deaconess Hospital, supra; Fletcher v. City of Helena (1973), 163 Mont. 337, 517 P.2d 365; as well as in the earlier case of Variety, Incorporated v. Hustad Corporation (1965), 145 Mont. 358, 368, 400 P.2d 408, 414. See also: St. Paul Fire and Marine Insurance Co. v. Thompson (1969), 152 Mont. 396, 451 P.2d 98; DeShaw v. Johnson (1970), 155 Mont. 355, 472 P.2d 298; Duchesneau v. Silver Bow County (1971), 158 Mont. 369, 492 P.2d 926.

In American Home Assur. Co. v. Cessna Aircraft Co. (U.S.C.A. 10th, 1977), 551 F.2d 804, 808, the Court of Appeals said, "The Montana law is that when each tortfeasor is affirmatively negligent, neither is entitled to indemnity." We see no need to change this settled principle of our law.

We hold therefore, that except in those cases specifically provided for in sections 27-1-702 and 27-1-703, MCA, there is no right between multiple tortfeasors _in pari delicto_ either to contribution or to indemnity as a matter of substantive Montana law. Costs in this case are assessed to Consolidated.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

-10-

Mr. Chief Justice Frank I. Haswell dissenting:

I respectfully dissent. In my view we have not answered the question certified to us by the federal court.

We have been asked whether substantive Montana law permits a claim for contribution or indemnity by a single joint tort-feasor who has been sued by the injured party against other joint tortfeasors not joined as defendants in that suit. The majority have answered substantially "no" as between joint tortfeasors in pari delicto. In my view this begs the question. It presupposes that all joint tortfeasors are equally at fault in causing plaintiff's damages, an assumption not encompassed in the certified question nor yet determined by the federal court.

I would allow contribution in proportion to fault among all joint tortfeasors without regard to whom plaintiff sued. Fairness alone compels this result. The ultimate apportionment of plaintiff's damages among those responsible in proportion to their respective degrees of fault is a realistic way to provide justice. Montana's comparative negligence statute recognizes this principle of apportionment between a plaintiff and defendant in a negligence action. Section 27-1-702, MCA. The same principle of apportionment is recognized between multiple defendants jointly and severally liable who are sued by the plaintiff. Section 27-1-702, MCA.

What justification exists for denying the same principle of apportionment among all joint tortfeasors regardless of joinder by plaintiff? Plaintiff's right to be made whole is protected by making each tortfeasor individually liable to him for his entire loss. Plaintiff has the choice of suing one tortfeasor, some of the tortfeasors, or all the tortfeasors. But what right has plaintiff to control the ultimate appor-tionment of his loss among those who contributed to it? None.

-11-

Yet this is precisely the result of denying contribution among all joint tortfeasors.

I find no reason or justice in a rule which permits the plaintiff through his choice of defendants to control the ultimate apportionment of his loss among those responsible for it. Plaintiff's choice of defendants is frequently determined by considerations foreign to a fair and just apportionment of the loss. Sometimes that choice is made on the basis of comparative financial responsibility or ease of collection among the respective tortfeasors; at times the existence or nonexistence of liability insurance is the controlling factor; at other times it is governed by plaintiff's business, social, blood or marriage relationship to one or more of the tortfeasors; occasionally whim, spite or collusion determines plaintiff's choice of defendants; and, at times jurisdictional or process considerations are paramount. See Prosser, The Law of Torts (4th Ed.), §50, p. 307; Berg, 43 Insurance Counsel Journal, 577, 586 (October, 1976).

Two principal considerations appear to dominate the majority's denial of contribution in favor of a sued tortfeasor against joint tortfeasors not named as defendants: (1) Legislative approval of such contribution has been denied and this Court should not invade this area; and (2) joinder problems may dilute plaintiff's ability to promptly secure judgment for his loss.

I find no indication that the Montana legislature addressed the substantive rule denying contribution among joint tortfeasors. House Bill 320, 45th Sess. (1977), (now section 27-1-703, MCA) as originally introduced provided for mandatory joinder of all joint tortfeasors in the original action, abolition of the last clear chance doctrine,

and a definition of negligence in strict liability and breach of warranty cases that would give rise to the defense of contributory negligence. These provisions were stricken from the bill as finally enacted. The first of the stricken provisions was procedural, not substantive; the second and third concern liability between plaintiff and defendant, not among joint tortfeasors. I find no indication from this legislative history that the legislature approved the substantive law denying contribution among joint tortfeasors. The most that can be said is that the legislature did not enact a statute permitting contribution.

The source of the rule denying contribution among joint tortfeasors is the English common law. Merryweather v. Nixan (1799), 8 Term. Rep. 186, 101 Eng. Rep. 1337; Everet v. Williams (1725), 9 L.Q.Rev. 197. Merryweather and Everet involved willful, deliberate and conscious wrongs. When transplanted to the United States, the rule was applied generally to cases of independent and concurrent negligence contributing to a single result. See Prosser, The Law of Torts (4th Ed.), §50, p. 306, and cases therein cited. Montana followed suit. See Panasuk v. Seaton (D. Mont. 1968), 277 F.Supp. 979; Variety Incorporated v. Hustad Corporation (1965), 145 Mont. 358, 400 P.2d 408. Being a rule of the common law, it is purely judge-made law. Judges created the rule by judicial decision, and judges can change it in the same manner. The reason for the rule was that persons who violated the law or committed a wrong should not be permitted to seek relief in the courts. This approach is now as extinct as the dodo. Montana's 1972 Constitution guarantees access to the courts to all persons and speedy recovery afforded for every injury of person, property or

character.  Art. II, Sec. 16, 1972 Mont. Const.  When the reasons for the rule no longer exist, the rule itself fails. Section 1-3-201, MCA.

Joinder problems should not be permitted to interfere with the substantive right of contribution.  The Federal Rules of Civil Procedure and the Montana Rules of Civil Procedure on joinder of parties, severance of claims, and third party practice are adequate to protect plaintiff's suit for damages from becoming entangled in time-consuming controversies and procedures concerning the rights of multiple defendants and third parties vis-a-vis one another.  Such situation has long existed in Montana in any case involving multiple defendants and third party claims and is not confined to the field of contribution.

Much the same discussion applies to the substantive right of indemnity.  It shifts ultimate apportionment of plaintiff's entire loss from the tortfeasor sued onto the shoulders of one or more joint tortfeasors not named as defendants.  I agree that this is not possible where the indemnitor and indemnitee are in _pari_ _delicto_.  However, that assumption is not contained in the certified question.  Again, the answer of the majority begs the question submitted to us for decision in my view.  As a matter of substantive Montana law, I would not deny the sued defendant a claim or cause of action against a joint tortfeasor or tortfeasors simply because plaintiff had not joined the latter as defendants.  Fairness and justice require allowing a claim for indemnity for the same reasons that a claim for contribution should be permitted in my opinion.

For the foregoing reasons, I would answer the certified question in this manner:  Substantive Montana law grants a tortfeasor a cause of action for contribution or indemnity against any joint tortfeasor not joined by the plaintiff as a party defendant.

_____
Chief Justice

-14-

Mr. Justice Daniel J. Shea concurring with the dissent of Mr. Chief Justice Frank I. Haswell:

I concur in the dissent of Chief Justice Frank I. Haswell, and simply add that the time should be long past when the plaintiff, by his choice of defendants, can control the ultimate decision of who finally pays for the loss.  That is not, and should not be of any concern to the plaintiff.  A plaintiff's only legitimate interest is to obtain full legal redress for the harm caused, not to prevent others from redressing their grievances as between themselves.

Daniel J. Shea
                              Justice