MR. CHIEF JUSTICE HASWELL
dissenting:
I respectfully dissent. In my view we have not answered the question certified to us by the federal court.
We have been asked whether substantive Montana law permits a claim for contribution or indemnity by a single joint tortfeasor who has been sued by the injured party against other joint tortfeasors not joined as defendants in that suit. The majority have answered substantially “no” as between joint tortfeasors in pari delicto. In my view this begs the question. It presupposes that all joint tortfeasors are equally at fault in causing plaintiffs damages, an assumption not encompassed in the certified question not yet determined by the federal court.
I would allow contribution in proportion to fault among all joint tortfeasors without regard to whom plaintiff sued. Fairness alone *449 compels this result. The ultimate apportionment of plaintiff’s damages among those responsible in proportion to their respective degrees of fault is a realistic way to provide justice. Montana’s comparative negligence statute recognizes this principle of apportionment between a plaintiff and defendant in a negligence action. Section 27-1-702, MCA. The same principle of apportionment is recognized between multiple defendants jointly and severally liable who are sued by the plaintiff. Section 27-1-702, MCA.
What justification exists for denying the same principle of apportionment among all joint tortfeasors regardless of joinder by plaintiff? Plaintiff’s right to be made whole is protected by making each tortfeasor individually liable to him for his entire loss. Plaintiff has the choice of suing one tortfeasor, some of the tortfeasors, or all the tortfeasors. But what right has plaintiff to control the ultimate apportionment of his loss among those who contributed to it? None. Yet this is precisely the result of denying contribution among all joint tortfeasors.
I find no reason or justice in a rule which permits the plaintiff through his choice of defendants to control the ultimate apportionment of his loss among those responsible for it. Plaintiff’s choice of defendants is frequently determined by considerations foreign to a fair and just apportionment of the loss. Sometimes that choice is made on the basis of comparative financial responsibility or ease of collection among the respective tortfeasors; at times the existence or nonexistence of liability insurance is the controlling factor; at other times it is governed by plaintiff’s business, social, blood or marriage relationship to one or more of the tortfeasors; occasionally whim, spite or collusion determines plaintiff’s choice of defendants’ and, at time jurisdictional or process considerations are paramount. See Prosser, The Law of Torts (4th Ed.), § 50, p. 307; Berg, 43 Insurance Counsel Journal, 577, 586 (October, 1976)
Two principal considerations appear to dominate the majority’s denial of contribution in favor of a sued tortfeasor against joint tortfeasors not named as defendants: (1) Legislative approval of such contribution has been denied and this Court should not invade *450 this area; and (2) joinder problems may dilute plaintiff’s ability to promptly secure judgment for his loss.
I find no indication that the Montana legislature addressed the substantive rule denying contribution among joint tortfeasors. House Bill 320, 45th Sess. (1977), (now section 27-1-703, MCA) as originally introduced provided for mandatory joinder of all joint tortfeasors in the original action, abolition of the last clear chance doctrine, and a definition of negligence in strict liability and breach of warranty cases that would give rise to the defense of contributory negligence. These provisions were stricken from the bill as finally enacted. The first of the stricken provisions was procedural, not substantive; the second and third concern liability between plaintiff and defendant, not among joint tortfeasors. I find no indication from this legislative history that the legislature approved the substantive law denying contribution among joint tortfeasors. The most that can be said is that the legislature did not enact a statute permitting contribution.
The source of the rule denying contribution among joint tortfeasors is the English common law. Merryweather v. Nixan (1799), 8 Term.Rep. 186, 101 Eng.Rep. 1337; Everet v. Williams (1725), 9 L.Q.Rev, 197. Merryweather and Everet involved willful, deliberate and conscious wrongs. When transplanted to the United States, the rule was applied generally to cases of independent and concurrent negligence contributing to a single result. See Prosser, The Law of Torts (4th Ed.), § 50, p. 306, and cases therein cited. Montana followed suit. See Panasuk v. Seaton (D.Mont. 1968), 277 F.Supp. 979; Variety Incorporated v. Hustad Corporation (1965), 145 Mont. 358, 400 P.2d 408. Being a rule of the common law, it is purely judge-made law. Judges created the rule by judicial decision, and judges can change it in the same manner. The reason for the rule was that persons who violated the law or committed a wrong should not be permitted to seek relief in the courts. This approach is now as extinct as the dodo. Montana’s 1972 Constitution guarantees access to the courts to all persons and speedy recovery afforded for every injury of person, property or character. Art. II, *451 Sec. 16, 1972 Mont.Const. When the reasons for the rule no longer exist, the rule itself fails. Section 1-3-201, MCA.
Joinder problems should not be permitted to interfere with the substantive right of contribution. The Federal Rules of Civil Procedure and the Montana Rules of Civil Procedure on joinder of parties, severance of claims, and third party practice are adequate to protect plaintiff’s suit for damages from becoming entangled in time-consuming controversies and procedures concerning the rights of multiple defendants and third parties vis-a-vis one another. Such situation has long existed in Montana in any case involving multiple defendants and third party claims and is not confined to the field of contribution.
Much the same discussion applies to the substantive right of indemnity. It shifts ultimate apportionment of plaintiff’s entire loss from the tortfeasor sued onto the shoulders of one or more joint tortfeasors not named as defendants. I agree that this is not possible where the indemnitor and indemnitee are in pari delicto. However, that assumption is not contained in the certified question. Again, the answer of the majority begs the question submitted to us for decision in my view. As a matter of substantive Montana law, I would not deny the sued defendant a claim or cause of action against a joint tortfeasor or tortfeasors simply because plaintiff had not joined the latter as defendants. Fairness and justice require allowing a claim for indemnity for the same reasons that a claim for contribution should be permitted in my opinion.
For the foregoing reasons, I would answer the certified question in this manner: Substantive Montana law grants a tortfeasor a cause of action for contribution or indemnity against any joint tortfeasor not joined by the plaintiff as a party defendant.
MR. JUSTICE SHEA concurring with the dissent of HASWELL, Chief Justice.
I concur in the dissent of Chief Justice Frank I. Haswell, and simply add that the time should be long past when the plaintiff, by his choice of defendants, can control the ultimate decision of who *452 finally pays for the loss. That is not, and should not be of any concern to the plaintiff. A plaintiff’s only legitimate interest is to obtain full legal redress for the harm caused, not to prevent others from redressing their grievances as between themselves.