JAMES CROSBY, a Minor, by Rev. James B. Crosby, the Guardian of his Estate, Plaintiff, v. BILLINGS DEACONESS HOSPITAL, a Corporation, Defendant and Third-Party Plaintiff and Appellant, v. A. M. FULLER and W. H. CAIN, as co-partners, doing business as Midwest Leasing Co., Third-Party Defendants and Respondents.

No. 11174.
Submitted February 9, 1967. Decided April 4, 1967.
426 P.2d 217.

Crowley, Kilbourne, Haughey, Hanson & Gallagher, Michael J. Whalen, George C. Dalthorp (argued), Billings, for appellant.

Berger, Anderson & Sinclair, Arnold A. Berger (argued), Billings, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON, delivered the Opinion of the Court.

This is an appeal from an order granting a motion for summary judgment.

There were three parties involved in the district court proceeding which gave rise to this appeal. Only two of these parties are before this court. We will identify the parties since all will be referred to during the course of the opinion.

The plaintiff was James Crosby, a minor, by Rev. James B. Crosby, the guardian of his estate. The plaintiff is not before this court. The plaintiff sued the Billings Deaconess Hospital, a corporation, (hereinafter called the hospital) for injuries received when he was burned about his mouth by a TV regulator switch while a patient at the hospital. The defendant hospital filed a cross-complaint against A. M. Fuller and W. H. Cain, co-partners, doing business as Mid-West Leasing Co., (hereinafter called Mid-West) as third-party defendants. Mid-West filed a motion for summary judgment as to the third-party claim against it, and the motion was granted by the district court. The hospital then appealed.

After the summary judgment had been granted and prior to the oral argument of this appeal, the hospital and plaintiff

entered into an out-of-court settlement of plaintiff's claim against the hospital.

The facts of this case are these: James Crosby, a young boy, was a patient in the hospital. His hospital room was equipped with a television set which could be controlled from his bed by means of a TV regulator switch. In some way the young boy inserted the TV regulator switch into his mouth and received an electrical burn about his mouth and lips.

The plaintiff's complaint alleged two acts of negligence on the part of the hospital. The complaint's first count alleged that the hospital "through its employees and agents negligently placed in the possession of the plaintiff an electrical control mechanism for the regulation of a television picture, said mechanism being in such a condition that the bare wires thereof came into contact with the flesh about the mouth of the plaintiff."

At the time of plaintiff's injury, the television equipment in plaintiff's hospital room was leased by the hospital from Mid-West. The hospital believed that under the terms of this lease agreement it was entitled to file a cross-complaint against Mid-West pursuant to Rule 14(a), M.R.Civ.P., which reads in part: "At any time after commencement of the action a defendant as a third-party plaintiff may cause to be served a summons and complaint upon a person not a party to the action who is or may be liable to such third-party plaintiff for all or part of the plaintiff's claim against him. * * *"

The hospital's cross-complaint made the following allegations: (1) that pursuant to a lease between the hospital and Mid-West, Mid-West had installed in, and leased to the hospital, TV equipment, including the TV regulator switch from which the Crosby boy received his burn; (2) that Mid-West had agreed to install all the equipment at its own expense and in good workmanlike manner; (3) that Mid-West was to maintain, service, and repair the equipment; (4) that since the obligation for installing and maintaining the equipment was that of Mid-West rather than that of the hospital, if the TV regu-

lator switch was negligently installed or maintained and, as a result, if the hospital is liable in damages to the Crosby boy, then the hospital is entitled to be indemnified for damages by Mid-West.

Rule 56(c), M.R.Civ.P., specifies when a summary judgment should be rendered and reads in part: "* * * The judgment sought shall be rendered forthwith if the pleading, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *"

When the district court considered the motion for summary judgment, the only relevant pleadings and admissions on file were these: (1) plaintiff's complaint; (2) the hospital's cross-complaint and answer; and (3) the hospital's admission that the copy of the personal property lease supplied to the district court by Mid-West was a true copy.

The question presented by this appeal is whether the district court committed error in granting the motion for summary judgment.

The hospital's position in this appeal is explained in its brief in the following manner:

"The sole purpose of this appeal is to attempt to extricate the Billings Deaconess Hospital from the effect of the summary judgment in favor of Mid-West so that the hospital will be free to pursue its claim for indemnity against Mid-West. The summary judgment granted by the District Court has the effect of depriving the hospital from being heard on its claim for indemnity against Mid-West Leasing Co. Rule 56, M.R.Civ.P., provides that a motion for summary judgment will be granted only if 'there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' Questions of fact presented by the pleadings here include whether negligent construction, installation or maintenance of the TV regulator switch in question caused the child's injuries,

and whether the hospital is entitled to recover indemnity for damages paid therefor over and from Mid-West Leasing Co.

"The court granted Mid-West's motion for summary judgment without comment and without leave to amend. The motion was heard and decided at a time when the trial of the action was imminent. Having Mid-West Leasing Co. retained as a third-party defendant would probably have forced a delay of the trial. To prevent this result, the court could have denied Mid-West's motion for summary judgment and severed the main action from the third-party claim and granted a separate trial thereon pursuant to the provisions of Rule 14(a), M.R.Civ. P. We contend that if the court did not wish to delay the trial, this is the course which it should have followed, rather than granting the motion for summary judgment. The course that the court took precludes the hospital from having its claim for indemnity against Mid-West determined. * * *

"The hospital's theory in seeking indemnity against Mid-West is that if Mid-West negligently designed, installed or maintained the leased property, including the TV regulator switch which burned the Crosby boy's mouth, then the hospital would have the right to be indemnified by Mid-West for any damages that the hospital might be, or has been, required to pay to the plaintiff."

In reply, Mid-West's brief makes the following argument:

"The appellant [the hospital] argues that questions of fact were presented by the pleadings including negligent construction, installation or maintenance of the TV regulator switch in question. Respondent [Mid-West] adamantly denies that a question of fact is raised by the pleadings. Conceding, however, for purpose of argument only, that a question of fact is properly raised here, it becomes apparent from appellant's brief that the third party complaint was not proper in the first instance since that complaint would, in essence, make respondent a joint tort-feasor and as indicated, a third party complaint is only proper where one would be secondarily liable.

The third party complaint may not properly be used to join a joint tort-feasor. * * *

"The plaintiff's theory of recovery against the defendant hospital was pure and simple. Namely, the hospital had no business placing an electrical apparatus in the hands of such a small child, or, after having done so, had some duty to supervise its use. There can be no question by the pleadings, agreements, or anything else, that the hospital had the exclusive choice of whether or not to place such instruments in the hands of minor children. This was the plaintiff's theory of recovery. * * * The question of defective installation and maintenance was contrary to the plaintiff's theory of negligence, and if the plaintiff prevailed under his own theory and the allegations of the complaint, then the hospital was solely and clearly liable. * * *

"The hospital seeks contributions by calling it indemnity and is entitled to neither."

We are unable to agree with Mid-West's argument that plaintiff's theory in no way rested upon negligent design, installation or maintenance of the TV regulator switch. We have previously quoted from the first count of plaintiff's complaint and refer again to the allegation that the mechanism that caused the burn was "in such a condition that the bare wires thereof came into contact with the flesh about the mouth of the plaintiff." Surely this allegation opens the door for plaintiff to prove various faults in the mechanism itself.

Mid-West argued to the district court and to this court that the cross-complaint was an attempt by the hospital to force contribution between joint tort-feasors. It may well be that Mid-West will be able to defeat the hospital's claim for indemnity by showing that the hospital is truly a joint tort-feasor, but that should be done at a trial of the issue and not by means of a summary judgment. We are at the pleading stage of this action. The cross-complaint states a claim seeking indemnity. Proof of that claim may be another matter.

Each party refers to different sections of the lease agreement (which is a lengthy document consisting of seven double spaced typewritten pages) to support its position. It is not necessary to go into the various legal arguments made by the parties at this time concerning this document. However, it is interesting to note that the hospital characterizes the document as a lease agreement and Mid-West prefers to call it a conditional sales contract. Also, the parties differ over the provisions of the agreement concerning liability insurance, notice of defects in the equipment, and waiver of liability.

In the hospital's answer, the hospital denied that it had committed any wrongful act or omission which caused the plaintiff's injury. In its cross-complaint, the hospital contended that it was the negligence of Mid-West that caused plaintiff's injury. The hospital sought indemnity for any damages it might be required to pay plaintiff, due only to the relationship between the plaintiff and the hospital and not due to any negligence on the part of the hospital. In support of this position, the hospital refers this court to the following quotation from Great Northern Railway Co. v. United States, D.C., 187 F.Supp. 690, 693:

"Where the parties are not in pari delicto, and an injury results from the act of one party whose negligence is the primary, active and proximate cause of the injury, and another party, who is not negligent or whose negligence is remote, passive and secondary, is nevertheless exposed to liability by the acts of the first party, the first party may be liable to the second party for the full amount of damages incurred by such acts."

Thus, the factual issue of whether the Crosby boy was injured solely through the negligence of Mid-West is presented by the pleadings. This is a genuine issue of a material fact.

The district court committed error in granting the summary judgment.

The order appealed from is reversed.

MR. JUSTICES ADAIR, DOYLE, CASTLES and JOHN C. HARRISON concur.