MR. JUSTICE SHEEHY
delivered the opinion of the Court.
The Hon. Russell E. Smith, a senior United States District Judge for the District of Montana, has certified to us a question of law in which it appears there are substantial grounds for difference of opinion, the adjudication of which by this Court would materially advance a decision in federal litigation. The question is certified as follows:
“As a matter of substantive Montana law, does a tort-feasor have *441 a cause of action for contribution or indemnity against any joint tort-feasor not joined by the plaintiff as a party defendant?”
That question, stated tersely according to the manner of Judge Smith, presents us with a tangle of legal problems in the proportion of a Gordian knot. It would be nice if we could, as Alexander the Great, slice to the heart of the matter with a monosyllabic sword to answer “yes” or “no”. Instead we must answer “yes and no” and detail our explanations hereunder.
The problem certified arises out of a collision on December 8, 1977, near Deer Lodge, Montana, between a Consolidated Freight-ways tractor-double trailer unit and a Plymouth automobile. June Osier, a passenger in the Plymouth, brought action against Consolidated Freightways in the federal court for damages claimed to have resulted from the collision. Consolidated sought to bring the driver of the Plymouth, Margaret Collins, into the action as a third-party defendant on a claim of indemnity if Consolidated were found to be liable to June Osier. On motion, the federal district judge dismissed the third-party complaint for indemnity. Consolidated filed an amended third-party complaint against Margaret Collins, praying that Margaret Collins be required to contribute to the damages established by June Osier in conformance with section 27-1-703, MCA. Before deciding the motion to dismiss the amended third-party complaint, Judge Smith certified the legal questions to us for determination as to the applicable Montana law.
As to tortfeasors not joined by the plaintiff as a party defendant, the problem certified to us states two phases: (1) whether a sued tortfeasor has a cause for action for contribution against a non-joined tortfeasor, and (2) whether a sued tortfeasor has a cause of action for indemnity against a nonjoined tortfeasor.
It was always assumed as a part of the established law in Montana that there is no right to contribution among joint tortfeasors. Panasuk v. Seaton (U.S.D.C.Mont. 1965), 277 F.Supp. 979; Variety Incorporated v. Hustad Corporation (1965), 145 Mont. 358, 368, 400 P.2d 408, 414. This assumption was shaken by the passage of *442 section 27-1-702, MCA, the comparative negligence statute in 1975, and its companion section 27-1-703, MCA, the statute providing for contribution between multiple defendants jointly and severally liable to a plaintiff.
Section 27-1-703, MCA, makes it necessary to subdivide the contribution phase of the problem certified to us into two subissues: (1) Did the passage of section 27-1-703, MCA, strip from the body of established law in Montana the rule against contribution among all joint tortfeasors, and (2) if it did not, should Montana now move by judicial fiat to abolish such rule.
As the Hon. William J. Jameson, United States District Judge, pointed out in Panasuk, supra, Montana may not have expressly adopted the rule against contribution among joint tortfeasors in any partiular case but the rule was certainly recognized in statements made by the Montana court. For example, Variety, supra. Recognition of the rule however, was inherent in Montana’s emphatic declarations that joint tortfeasors were jointly and severally liable to the plaintiff. In Jones v. Northwestern Auto Supply Co. (1932), 93 Mont. 224, 231, 18 P.2d 305, 307, we stated “[t]he rule was well settled that, ‘if the concurrent negligence of two or more persons causes an injury to a third person, they are jointly and severally liable, and the injured person may sue them jointly or severally, and recover against one or all.’ ” See Black v. Martin (1930), 88 Mont. 256, 292 P. 577, 580. For that reason, if the injured party accepted satisfcation in full and released one joint tortfeasor, the release operated as satisfaction for the injuries as to all joint tortfeasors. Black, supra.
In Auto Cl. Ins. Co. v. Toyota Mot. Sales, USA, Inc. (1975), 166 Mont. 221, 225, 531 P.2d 1337, 1339, this Court accepted the statement by Judge Jameson in Panasuk that a joint tortfeasor is not entitled either to contribution or indemnity from another tortfeasor. Therefore, prior to 1977, it was safe to assume that Montana, though not expressly declaring so, was committed to the principle that one of several wrongdoers could not recover against *443 another wrongdoer for contribution, even though he may have been compelled to pay the whole judgment to the injured plaintiff.
After the comparative negligence statute was adopted in 1975, the Montana Legislature considered and adopted section 27-1-703, MCA, respecting contribution, which provides as follows:
“Multiple defendants jointly and severally liable — right of contribution. (1) Whenever the comparative negligence of the parties in any action is an issue and recovery is allowed against more than one party, each such party is jointly and severally liable for the amount awarded to the claimant but has the right of contribution from any other party against whom recovery is allowed. Contribution shall be proportional to the negligence of the parties against whom recovery is allowed.
“(2) If for any reason all or part of the contribution from a party liable for contribution cannot be obtained, each of the other parties against whom recovery is allowed is liable to contribute a proportional part of the unpaid portion of the noncontributing party’s share and may obtain judgment in a pending or subsequent action for contribution from the noncontributing party.”
On its face, section 27-1-703, MCA, has limited application. It applies only in comparative negligence cases and only where recovery is allowed against more than one party. Further, it provides for contribution' in proportional rather than prorata or equitable degrees.
Therefore, section 27-1-703, MCA, does not apply to a case where an innocent plaintiff, that is, a plaintiff who is not guilty of any contributory negligence, sues one of two or more joint tortfeasors for the injuries sustained. Unless the plaintiff is guilty of some degree of contributory negligence, there is no negligence to be compared with that of the defendant or defendants in a comparative negligence case. See, Wenatchee Wenoka Growers Ass’n. v. Krack Corp. (1978), 89 Wash.2d 847, 576 P.2d 388, 389, 390.
Since section 27-1-703, MCA, applies only to comparative negligence cases, we adhere to the rule that this statute does not *444 grant a right of contribution among joint tortfeasors where comparative negligence is not an issue.
We further hold that even in comparative negligence cases, the right of contribution granted in section 27-1-703, MCA, applies only to defendants against whom judgment has been recovered by the plaintiff. The terms of the statute itself appear to command that result. It speaks of contribution in paragraph (1) where "recovery is allowed against more than one party”, and in paragraph (2) provides what occurs if contribution cannot be obtained “from a party liable for contribution.” That language is not an invitation to engage in third party practice under Rule 14, Mont.R.Civ.P. One reason is that Rule 14 is a procedural rule, and is not intended to alter, expand or abridge substantive rights. Moore’s Federal Practice, § 14.03[1], There was no substantive right to contribution in 1975 or 1977, when the comparative negligence statutes were adopted in Montana. Another reason is that there is no indication of legislative intent, unless legislative intent can be found by implication, to change the substantive rule against contribution among joint tortfeasors.
In examining the legislative history of section 27-1-703, MCA, to see if the legislature by implication intended to do away with the substantive rule, we find a strong indication to the contrary. When the legislature in 1977 was considering the bill which eventually became section 27-1-703, MCA, that body decided not to take a quantum leap into the unknown. House Bill No. 320, 45th Legislature, 1977, originally provided in addition to the present provisions of section 27-1-703, MCA, for (1) joinder of any parties whose negligence may have contributed as a proximate cause to the damages claimed by the plaintiffs; (2) the abolition of the last clear chance doctrine; and, (3) a definition of negligence in strict liability and breach of warranty cases that would give rise to the defense of contributory negligence. The legislature struck these proposals before adopting section 27-1-703, MCA, in its present form.
The refusal of the legislature to permit mandatory joinder of all tortfeasors in an action on the motion of any party furnishes us *445 with a strong implication that the legislature, in adopting that statute, did not intend to change the substantive rule against contribution among joint tortfeasors.
We move now to a consideration of the second phase of the contribution issue, that is, although the passage of section 27-1-703, MCA, may not have done so, should this Court now move on its own to abolish the rule against contribution between joint tortfeasors. Consolidated urges that other states have not waited for legislatures to act, but have through judicial decisions provided for contribution among all joint tortfeasors, sued and not sued as defendants in an action. Consolidated cites Maine (Bedell v. Reagan, 159 Me. 292, 192 A.2d 24 (1963); Wisconsin (Bielski v. Schulze, 16 Wis.2d 1, 114 N.W.2d 105 (1962); and Washington, D.C. (Knell v. Feltman, 85 U.S.App.D.C. 22, 174 F.2d 662 (D.C., C.A. 1949)). New York may have also done so in Kelly v. Long Island Lighting Co. (1972), 31 N.Y.2d 25, 334 N.Y.S.2d 851, 286 N.E.2d 241; Dole v. Dow Chemical Company (1972), 30 N.Y.2d 143, 331 N.Y.S.2d 382, 282 N.E.2d 288. The State of Washington, on the other hand, refused to move in that direction in Wenatchee Wenoka Growers Ass’n v. Krack Corp. (1978), 89 Wash.2d 847, 576 P.2d 388. The analysis of the Washington state court is persuasive:
“Krack first suggests contribution between tortfeasors is the natural corollary of the comparative negligence principle expressed in RCW 4.22.010. We agree the comparative concept of RCW 4.22.010 expresses a new public policy in this state. See also Godfrey v. State, 84 Wash.2d 959, 530 P.2d 630 (1975). Yet, we are not fully convinced that this comparative concept compels abrogation of the no-contribution rule.
“Comparative negligence and contribution both represent serious attempts to achieve greater fairness in tort law. But, the underlying policy considerations of each are quite different. See, e.g., Comment, Comparative Negligence, 49 Wash.L.Rev. 705 (1974); W. Prosser Law of Torts § 50 (4th Ed. 1971); C.R. Heft & C.J. Heft, Comparative Negligence Manual § 12.0 (1976); Leflar *446 Contribution & Indemnity Between Tortfeasors, 81 U.Pa.L. Rev. 130 (1932); Reath, Contribution Between Persons Jointly Charged for Negligence — Merryweather v. Nixon, 12 Harv.L.Rev. 176 (1898).
“Comparative negligence is directed at compensating one who has suffered a tort-related loss. Prosser, Comparative Neglignece, 51 Mich.L. Rev. 465 n. 2 (1953). Comparative negligence means comparison of the negligence of the plaintiff and the defendant. Amend, v. Bell, 89 Wash.2d 124, 570 P.2d 138 (1977); Bradley v. Maurer, 17 Wash.App. 24, 29, 560 P.2d 719 (1977). One who has suffered damages is allowed to seek recovery even though his own negligence may have proximately caused the injury complained of. RCW 4.22.010; Godfrey v. State, supra.
“Contribution, on the other hand, is directed at equitably distributing between or among tortfeasors the responsibility for paying those damages suffered by the injured party. See Prosser, Law of Torts at 307; Commissioners’ Prefatory Note (1939 Act), Uniform Contribution Among Tortfeasors Act, 12 U.L.A. 60 (1975). Contribution unlike comparative negligence, is neither related to the damages an injured party is entitled to receive nor to the question of whether that injured party should receive less than his full damages suffered from a tort-related loss.” Wenatchee, 576 P.2d at 389, 390.
Abolition of the substantive Montana rule against contribution among joint tortfeasors would be a giant step in the legal history of Montana. Such an abolition would reach into every aspect of tort law where more than one tortfeasor was involved. Moreover, the comparative negligence statutes in Montana are relatively new. To date, we have not been called upon to render a decision concerning the substantive law underlying the comparative negligence statute, or its companion contribution statute. Those facts, in addition to the refusal of the legislature to adopt mandatory contribution among joint tortfeasors, leads us to conclude that the wiser course is not to rush in where the legislature feared to tread.
The other portion of the question certified to us by Judge Smith is *447 whether a tortfeasor has a cause of action for indemnity against any joint tortfeasor not joined by the plaintiff by a party defendant.
“Indemnity” shifts the entire loss from one party compelled to bear it to the shoulders of another who should bear it instead. One court has referred to indemnity as contribution “in the extreme form.” United States v. Savage Truck Line, Inc. (U.S.C.A. 4th, 1953), 209 F.2d 442, 447.
In Crosby v. Billings Deaconess Hospital (1967), 149 Mont. 314, 426 P.2d 217, this Court sanctioned a cross-claim for indemnity by the hospital against the manufacturer of a television regulator switch which had burned the mouth of a patient in the hospital. The hospital claimed that it was entitled to indemnity for any damages it might be required to pay the plaintiff due only to the relationship between the plaintiff and the hospital, and not due to any negligence on the part of the hospital. In permiting the claim for indemnity, we quoted with approval, the language from Great Northern Railway Company v. United States (D.C.Mont.1960), 187 F.Supp. 690, 693, which said:
“Where the parties are not in pari delicto, and an injury results from the act of one party whose negligence is the primary, active and proximate cause of the injury, and another party, who is not negligent or whose negligence is remote, passive and secondary, is nevertheless exposed to liability by the acts of the first party, the first party may be liable to the second party for the full amount of damages incurred by such acts.”
In Panasuk v. Seaton (U.S.D.C.Mont.1968), 277 F.Supp. 979, Judge Jameson, who had written the Great Northern decision, reviewed the law pertaining to right of indemnity among joint tortfeasors. He concluded that he found no case where the rule permitting an action for indemnity had been extended to a collision between two vehicles. In effect Judge Jameson concluded to permit indemnity as to a nonjoined tortfeasor in motor vehicle cases would open the door to an indemnity claim in every tort action involving multiple tortfeasors. The rule in Panasuk has been endorsed by this *448 Court in Auto Cl. Ins. Co. v. Toyota Mot. Sales, supra; Crosby v. Billings Deaconess Hospital, supra; Fletcher v. City of Helena (1973), 163 Mont. 337, 517 P.2d 365; as well as in the earlier case of Variety, Incorporated v. Hustad Corporation (1965), 145 Mont. 358, 368, 400 P.2d 408, 414. See also: St. Paul Fire and Marine Insurance Co. v. Thompson (1969), 152 Mont. 396, 451 P.2d 98; DeShaw v. Johnson (1970), 155 Mont. 355, 472 P.2d 298; Duchesneau v. Silver Bow County (1971), 158 Mont. 369, 492 P.2d 926.
In American Home Assur. Co. v. Cessna Aircraft Co. (U.S.C.A. 10th, 1977), 551 F.2d 804, 808, the Court of Appeals said, “The Montana law is that when each tortfeasor is affirmatively negligent neither is entitled to indemnity.” We see no need to change this settled principle of our law.
We hold therefore, that except in those cases specifically provided for in sections 27-1-702 and 27-1-703, MCA, there is no right between multiple tortfeasors in pari delicto either to contribution or to indemnity as a matter of substantive Montana law. Costs in this case are assessed to Consolidated.
MR. JUSTICES HARRISON and DALY concur.