No. 14659

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

JOSEPH CORDIER and JO CORDIER,
husband and wife,

Plaintiff,

-vs-

STETSON-ROSS, INC., a Washington
Corporation,

Defendant.

and

STETSON-ROSS, INC., a Washington
Corporation,

Defendant and Third-Party Plaintiff,

-vs-

CHAMPION INTERNATIONAL CORPORATION,
a corporation,

Third-Party Defendant.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Plaintff:

Williams Law Firm, Missoula, Montana
Richard Ranney argued, Missoula, Montana

For Respondent:

Garlington, Lohn and Robinson, Missoula, Montana
Larry Riley argued, Missoula, Montana

McClelland Law Office, Missoula, Montana
Goldman Law Firm, Missoula, Montana

---

Submitted: June 14, 1979

Decided: NOV 28 1979

Filed: NOV 28 1979

Thomas J. Kearney
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

The Hon. Russell E. Smith, United States District Judge for the District of Montana, has certified to us for decision three questions, the adjudication of which by the Montana Supreme Court would materially advance ultimate termination of federal litigation:

> "1. Does a third party, sued by an injured employee, have any right to indemnity or contribution from a negligent employer if the employer and the employee are covered by the Montana Workers' Compensation Act?
>
> "2. If the third party has a right in indemnity or contribution against the employer, may the employer insist that the total verdict, of which he must pay all or part, be reduced by the compensation payments?
>
> "3. If the employer is not liable by way of indemnity or contribution to a third party, may he, even though himself negligent, recover from the third person through the employee under the subrogation rights created by law? In short, is there a conflict between R.C.M. 1947, §92-204.2, and R.C.M. 1947, §58-607.2?"

The plaintiff in the federal court action, Joseph Cordier, was an employee of Champion International Corporation (hereafter Champion.) He was injured in an industrial accident which was covered under the Montana Workers' Compensation law and received compensation. Cordier has now brought against Stetson-Ross, Inc. an action under section 92-204.1, R.C.M. 1947, now section 39-71-412, MCA. In his complaint in the federal court, Cordier claimed that he was injured as the result of the negligence of Stetson-Ross, Inc. in connection with machinery sold by Stetson-Ross, Inc. to Champion. Joseph Cordier is joined in his suit against Stetson-Ross, Inc., by his wife, who as a co-plaintiff seeks damages for loss of consortium.

-2-

Stetson-Ross, Inc. answered the complaint of Joseph Cordier and Jo Cordier by way of general denial, by alleging affirmative defenses of contributory negligence and assumption of risk, and by alleging that the negligence of Champion in failing to properly instruct Cordier in the operation of the gang saw, in failing to maintain the saw and equipment properly, and in failing to provide adequate safety procedures, proximately caused the plaintiff's accident.

Stetson-Ross, Inc. in the same federal action also filed a third-party complaint against Champion alleging again in essence that Champion failed properly to supervise, instruct, and warn its employees as to the operation of the gang saw, failed to set up and install the saw properly and to maintain it, and failed to carry out and enforce safety procedures with respect to the operation of the gang saw. In its third-party complaint Stetson-Ross, Inc. prays for judgment against Champion either for the full amount of plaintiff's damages by way of indemnity or for a proportional amount, based on the percentages of negligence attributable to Champion and to Stetson-Ross, Inc.

Stetson-Ross, Inc.'s claim is therefore based on (1) indemnity, or (2) contribution under our comparative negligence statute.

We look first at the contribution issue. In Consolidated Freightways Corporation of Delaware v. June Osier and Margaret Collins (1979), _____ Mont. _____, _____ P.2d _____, 36 St.Rep. 1810, we held that except in those cases covered by our comparative negligence statute, there is no substantive right to contribution between joint tortfeasors under Montana law.

-3-

In its answer in the federal court to the complaint of co-plaintiffs Joseph Cordier and Jo Cordier, Stetson-Ross, Inc. alleges that the contributory negligence of Joseph Cordier was the proximate cause of the injuries for which he claims damages. This allegation brings into play the provisions of section 27-1-702, MCA, our comparative negligence statute. Under that statute, if the plaintiff were negligent but in an amount not greater than the negligence of Stetson-Ross, Inc., any damages allowed are required to be diminished in the proportion that the amount of negligence is attributable to the person recovering. However, we further held in Consolidated Freightways, supra, that the right of contribution granted in section 27-1-703, MCA, applicable to comparative negligence cases, does not apply or give a right to one tortfeasor to bring into the action another alleged tortfeasor by means of third-party practice. We said:

> "We further hold that even in comparative negligence cases, the right of contribution granted in section 27-1-703, MCA, applies only to defendants against whom judgment has been recovered by the plaintiff. The terms of the statute itself appear to command that result. It speaks of contribution in paragraph (1) where
>
> "'recovery is allowed against more than one party', and in paragraph (2)
>
> "provides what occurs if contribution cannot be obtained 'from a party liable for contribution.'
>
> "That language is not an invitation to engage in third party practice under Rule 14, Mont.R.Civ.P. One reason is that Rule 14 is a procedural rule, and is not intended to alter, expand or abridge substantive rights. Moore's Federal Practice Sec. 14.03[1]. There was no substantive right to contribution in 1975 or 1977, when the comparative negligence statutes were adopted in Montana. Another reason is that there is no indication of legislative intent, unless legislative intent can be found by implication, to change the substantive rule against contribution among joint tortfeasors." Consolidated Freightways (1979), _____ Mont. _____, _____ P.2d _____, 36 St.Rep. 1810, 1813.

-4-

Consolidated Freightways teaches that contribution in Montana between joint tortfeasors is allowed only in comparative negligence cases, and then only as to tortfeasors actually sued by the plaintiff. The reasons are fully set forth in that opinion.

The question certified to us by Judge Smith however in effect asks us to assume that there are no other roadblocks to Stetson-Ross, Inc.'s claim to contribution but the provisions of the Montana Workers' Compensation Act. In that light, we are brought immediately to consider the effect of section 92-204.1, R.C.M. 1947, now section 39-71-411, -412, MCA. The pertinent language of the past and present sections are:

> "For all employments covered under the Workers' Compensation Act. . . the provisions of the act are exclusive . . . [a]n employer is not subject to any liability whatever for the death or personal injury to any employees covered by the . . . Act. The Workers' Compensation Act binds the employee himself, and in case of death binds his personal representative and all persons having any right or claim to compensation for his injury or death, as well as the employer and the servants and employees of such employer,. . . The right to compensation, and medical benefits as provided by this act is not affected by the fact that the injury,. . . or death is caused by the negligence of a third party other than the employer, or the servants or employees of the employer.. . . Whenever such event . . . is caused by the act or omission of some persons or corporations other than his employer . . . the employee . . . shall, in addition to the right to receive compensation under this act, have a right to prosecute any cause of action he may have for damages against such persons or corpora- tions.. . ."

The following section 92-204.2, R.C.M. 1947, now section 39-71-414, MCA provides that if the injured worker sues a third party for his injuries, as here, the employer is subrogated either for the full amount of benefits or an amount up to 50 percent of the compensation benefits paid to the employee out of any recovery made by the injured employee from the responsible third party.

We are commanded by the legislature to construe the Workers' Compensation Act liberally, section 39-71-104, MCA, in favor of the claimant, Grief v. Industrial Accident Fund (1939), 108 Mont. 519, 526, 93 P.2d 961, 963. It is plainly the intent of the Act that if an employee is injured in the course of his employment, through the negligence of one other than his employer or his employer's servants, the injured employee may sue, recover and keep the full amount of his common law recovery from the responsible third party, plus one-half of his costs or 50 percent of the benefits he received from the employer under the Act. The amount kept by the employee depends on whether the employer agrees to share costs. This intent is important as we shall later show.

Note again that under section 92-204.1, R.C.M. 1947, now section 39-71-411, MCA, the "employer is not subject to any liability whatever" (emphasis added) to an injured employee except under the Act. A majority of states in compensation cases hold that there is no right of contribution vested in a third party, responsible for the injuries the employee received, against the employer who may also have been concurrently negligent to bring about the injuries. This result is reached for a variety of reasons as discussed by 2A Larson, Workmen's Compensation Law, §76.21, et seq.

One reason given to deny contribution is that an employer under such a statute as section 39-71-411, MCA, cannot be jointly liable to the employee; therefore, the employer is not a joint tortfeasor. Larson, supra, §76.21, p. 14-298. Another is that in those states which have adopted the Uniform Contribution Between Joint Tortfeasors Act, as amended, both parties must be liable to the employee, and compensation statutes usually free the employer from liability to his injured employee. Another is that

-6-

the claim of the employee against the employer is solely for statutory benefits, while his claim against the third party is for damages; therefore, there is no common liability between the employer and the responsible third party.

Cases which have adopted the minority rule that contribution from an employer is allowable under compensation acts, do so for reasons not pertinent or applicable to the case at bar. For example, contribution for one-half of the benefits was allowed by the United States Supreme Court in Weyerhaeuser Steamship Company v. United States (1963), 372 U.S. 597, 83 S.Ct. 926, 10 L.Ed.2d 1, even though the Federal Employees Compensation Act, which covered the employer was indicated as the exclusive remedy against the employer. However, the Supreme Court was led to this result by the traditional admiralty rule dividing all damages equally in cases of "mutual fault" between vessels. Yet, in United Airlines, Inc. v. Wiener (9th Cir. 1964), 335 F.2d 379, the Ninth Circuit Court of Appeals distinguished Weyerhaeuser and refused employer contribution to a third party where the indemnitor (employer) was not liable to the injured employee.

It is our opinion that the broad provisions of section 92-204.1, R.C.M. 1947, now section 39-71-411, MCA, require us to hold that the provisions of the Workers' Compensation Act are exclusive as to the liability of the employer for damages sustained by the injured employee whether they are sought by the employee directly, or by a third party under contribution. Our statute rules out "any liability whatever" even before it goes on to state that the employee and those under him are limited to such recovery as the Act allows against the employer. The language "any liability whatever" would be surplusage unless it is read to mean liability not only to the employee and those claiming under him, but also any other party attempting to claim liability against the employer

for the same incident. In fact, this case provides an example: the spouse of Cordier has also sued Stetson-Ross, Inc. for her loss of consortium arising out of the industrial accident. Such an action by the spouse against the employer is barred by the same section of the Act, section 92-204.1, R.C.M. 1947, now section 39-71-411, MCA. To allow Stetson-Ross, Inc. to claim indemnity from the employer for the spouse's damages would accomplish indirectly what could not be done directly by a spouse.

On full consideration, we deem the wise course is to hold that the language of section 39-71-411, MCA, means what it says when it excludes "any liability whatever" as to a covered employer, and to follow the majority rule. Therefore, even if the question certified to us involves a case of comparative negligence, as between Cordier and Stetson-Ross, Inc., the provisions of section 39-71-411, MCA,/prevail and a third party may not claim contribution from a covered employer for damages for the injuries an employee receives in the course of his employment. Any claim of Stetson-Ross, Inc. against Champion for contribution in this case is therefore barred. This applies also to any claim for contribution as to the spouse's loss of consortium.

We also hold that the same reasoning applies to Stetson-Ross, Inc.'s claim for indemnity against Champion. However, because indemnity is an all-or-nothing proposition, and proceeds from a different legal basis than contribution, we are required to give it some special discussion.

In Consolidated Freightways, supra, we held that in Montana there is no right between multiple tortfeasors who are in pari delicto to indemnity as a matter of substantive law. In so doing we affirmed the holdings in American Home Assur. Co. v. Cessna Aircraft Co. (10th Cir. 1977), 551

-8-

F.2d 804, 808, and Panasuk v. Seaton (D. Mont. 1968), 277

F.Supp. 979. We did approve in Consolidated Freightways the

right of a third party to indemnity when the parties were not

in pari delicto, where the injury results from the negligence

of one party as primary and where the other party is not

negligent, or his negligence is remote, passive and secondary

but he is nevertheless exposed to liability by the negligence

of the first party. Such situations were exemplified in

Great Northern Railway Company v. United States (D. Mont.

1960), 187 F.Supp. 690, 693 and Crosby v. Billings Deaconess

Hospital (1967), 149 Mont. 314, 426 P.2d 217. As we said in

Fletcher v. City of Helena (1973), 163 Mont. 337, 346, 517

P.2d 365, 370:

> "Indemnification requires the would-be indemnitee
> be free from any active negligence contributing
> to the injury causing accident."

But even if Stetson-Ross, Inc.'s indemnity claim were

otherwise allowable under Montana law, the exclusivity of

the Workers' Compensation Act would still operate to bar

that claim of indemnity against the employer Champion. That

is the majority rule in these matters, which we choose to

follow.

Larson, supra, section 76.44, points out that a

leading case for the majority rule is that of Slattery v.

Marra Bros. (2d Cir. 1951), 186 F.2d 134, 138, authored by

Judge Learned Hand. In that case, Marra Brothers, as defendant,

had charged that Spencer Company was liable because of the

primary fault and neglect of Spencer Company, and this

primary fault entitled Marra Brothers not to contribution

but to full indemnity. The District Court dismissed this claim

and Judge Hand affirming for the Court of Appeals, said:

> ". . . We are therefore to assume that Slattery's
> contract of employment with the Spencer Company
> was a 'surrender . . . of . . . any other method,
> form or amount of compensation' for any injuries

which he might receive 'in the course of his employment'; and the Spencer Company was under no liability to him of any kind. Therefore, the right of Marra Bros. Inc., to indemnity from the Spencer Company cannot rest upon any liability of that company to Slattery; and, if it exists at all, it is hard to see how it can arise in the absence of some legal transaction between the two corporations, other than that of joint tortfeasors: . . .

". . . However that may be, we shall assume that, when the indemnitor and indemnitee are both liable to the injured person, it is the law of New Jersey that, regardless of any other relation between them, the difference in gravity of their faults may be great enough to throw the whole loss upon one. We cannot, however, agree that that result is rationally possible except upon the assumption that both parties are liable to the same person for the joint wrong. If so, when one of the two is not so liable, the right of the other to indemnity must be found in rights and liabilities arising out of some other legal transaction between the two.. . .

". . . So far as we can see therefore there is nobody of sure authority for saying that differences in the degrees of fault between two tortfeasors will without more strip one of them, if he is an employer, of the protection of a compensation act; and we are at a loss to see any tenable principle which can support such a result. . ." 186 F.2d at 138, 139.

Montana has previously ruled on the difference created by "some other legal transaction between the two." In DeShaw v. Johnson (1970), 155 Mont. 355, 472 P.2d 298, we permitted a claim of indemnity against an employer even though the injury occurred under the Workers' Compensation Act, because there existed between the indemnitor and indemnitee a written save-harmless agreement. We saw there on the part of the employer an obligation separate and apart from any obligation owed through the injury to the employee.

In Holly Sugar Corp. v. Union Supply Co. (Colo. 1977), 572 P.2d 148, employee Pust proceeded against Union on various products liability theories. Union responded by joining employer Holly as a third party defendant, seeking indemnity for any liability which Union might incur. The Colorado Supreme Court, in examining the situation, determined that the Montana compensation statutes and the Colorado statutes were similar with respect to the exclusivity provision, and that since there was no guidance under then existing

-10-

Montana law, it would assume that Montana would hold as Colorado had, that the Colorado act prohibited a common law indemnity action by a third party against an employer in a compensation-covered case. Following this decision, Judge William D. Murray decided in Ambo v. Duff-Norton Company v. Jelco, Inc., (No. CV-77-41-BU, D. Mont. 1978), 35 St.Rep. 660, that this Court would hold that an employer who had paid an employee under the Montana Workers' Compensation Act was immune from any third party indemnity claim arising out of the same incident.

Larson, supra, in discussing injuries from the use of products purchased from a manufacturer, poses the question and result logically enough:

> ". . . But when a purchaser buys a product, does he make an implied contract with the manufacturer to use the goods in such a way as not to bring liability upon the manufacturer? This would be stretching the concept of contract out of all relation to reality. The court's approach to the matter assumed that the employer's duty to the manufacturer, if any, would have to be one based on its relative negligence, and on that basis could not survive the exclusive-liability clause.. . ." 2A Larson, Workman's Compensation Law, §76.44, p. 14-402.

Stetson-Ross, Inc. relies on a contrary result reached by the New York Court of Appeals in Dole v. Dow Chemical Company (1972), 30 N.Y.2d 143, 282 N.E.2d 288, 331 N.Y.S. 382, and upon Westchester Lighting Co. v. Westchester Co. S. E. Corp. (1938), 278 N.Y. 175, 15 N.E.2d 567, 5 N.Y.S.2d. In Westchester, however, as Judge Learned Hand had pointed out in his opinion we have quoted previously (186 F.2d at 138), the liability of the indemnitor was actually founded upon a breach of tort duty by the indemnitor to the indemnitee. The decision in /Dole is not logically explainable although Larson states that the result itself may have been a fair compromise. Nevertheless, its logic is described by Larson as "superficial". Section 76.44, at 14-405.

-11-

Once again, the very broad wording of the exclusivity clause in our Workers' Compensation Act is a factor in our decision. The language "any liability whatever" necessarily includes a noncontractual indemnity claim where the liability of the putative indemnitor arises out of an incident covered by Workers' Compensation-covered injuries.

As to the second question certified by Judge Smith to us, since we hold that in this case there is no right of indemnity or contribution against the employer, we do not need to consider whether the employer may insist that the total verdict against him be reduced by the compensation payments. We reserve our decision on that point to such time as we may be faced with a claim based upon contractual indemnity or on some legal obligation not based on a joint tortfeasor relationship.

The third problem certified to us by the federal court poses the problem of a negligent employer, not liable by way of indemnity or contribution to a third party, nevertheless recovering from the third party through the employee under subrogation rights created by law. The federal judge asks if there is a conflict between section 92-204.2, R.C.M. 1947, now section 39-71-414, MCA, and section 58-607.2, R.C.M. 1947, now section 27-1-703, MCA.

We limit this discussion to the facts of this case, where an employee is suing a third party on tort liability for an incident covered by the Workers' Compensation Act.

Section 39-71-414, MCA, is the statute providing subrogation to an employer who has paid compensation and benefits to the employee under the Act. Section 27-1-703, MCA, is the contribution statute applicable in a comparative negligence case when recovery is allowed against more than one party.

This question was posed and certified to us by the federal court before we entered our opinion in Consolidated Freightways, supra. Therefore the Federal District Court did not have before it at the time the question was certified the discussion set forth in Consolidated Freightways, which is pertinent to the question of conflict between such statutes.

We said in Consolidated Freightways that the right of contribution granted in section 27-1-703, MCA, applies only to defendants against whom judgment has been recovered by the plaintiff. As we have already demonstrated in the foregoing discussion, it is not possible in Montana for an employer who has paid Workers' Compensation benefits to an employee to be liable as a joint tortfeasor either for indemnity or for contribution to a third party found responsible for the employees injuries. Section 27-1-703, MCA, provides a right of contribution only as to defendants against whom judgment has been recovered by a plaintiff in a comparative negligence case. Under Consolidated Freightways, contribution accrues only between defendants who have actually been sued by the plaintiff. Outside the comparative negligence action, there is no right of contribution, and an unsued tortfeasor is not liable in contribution to a tortfeasor against whom recovery has been allowed in a comparative negligence case. Since section 27-1-703, MCA, cannot give rise to liability against an employer, there can be no conflict between it and section 39-71-414, MCA, the subrogation statute in the Workers' Compensation Act. This result indicates at least some wisdom in the position we took as to unsued tortfeasors in Consolidated Freightways.

Even though there is no conflict between section 27-1-703, MCA, and section 39-71-414, MCA, nevertheless, the question certified to us poses the problem of the fairness of a "negligent employer" profiting from the employee's suit by getting reimbursement for the compensation expenditures through subrogation.

-13-

Subrogation provisions in Workers' Compensation Acts vary from state to state and with each quirk and special provision to be found therein, it may safely be said that there are almost 50 different approaches to the right of subrogation among the various states. We must look at the subrogation rights provided by the Montana Act from the viewpoint that the employer has accepted liability without fault to the employee; that the employee's recovery against the employer is limited to the benefits under the Act; that the employer has given up its common law defenses if it does not come under the Act; and that the special provisions of the Act with respect to subrogation are designed to provide an incentive to the employee to seek reimbursement for his damages from a responsible party so that the employer may be reimbursed in whole or in part out of any recovery made by the employee.

The statutory scheme is evident. The employer or his insurer is granted a right of subrogation for all compensation and benefits paid under the Workers' Compensation Act. Section 39-71-414, MCA. This right is a "first lien" on the claim, judgment, or recovery of the employee. Section 39-71-414, MCA. If the employer at the employee's request agrees to pay a part of the costs of the action, the employer's first lien allows recovery for all of the benefits paid under the Act by the employer or his insurer. If the employer or the insurer does not elect to participate in the costs of the employee's action, then the insurer or the employer waives 50 percent of its subrogation rights, and that portion of the benefits may be kept by the employee over and above his recovery from the responsible party. Section 39-71-413, MCA, states that the employee, "in addition to the right to receive compensation" has a right to prosecute any cause of action he may have for damages against the persons or corporations causing the injury.

It is the intent and purpose of the Workers' Compensation Act that the right of action against a responsible third party belongs to the employee. Consequently, it is uniformly held that the employer's contributory negligence may not be used as a defense in an action by the injured employee against the responsible party. See Froysland v. Leef Bros., Inc. (1972), 293 Minn. 201, 197 N.W.2d 656.

Therefore, under the Montana scheme, the negligence, if any, of the employer (but not of the employee himself) never becomes an issue in the injured employee's action against a responsible third party. His right to recover damages is determined without reference to his employer's negligence. If contributory negligence is involved, it is only the contributory negligence of the injured employee himself which serves to reduce his right of recovery under comparative negligence. Under the statutory scheme in Montana, the negligence of the employer or of the employee's fellow servants does not serve to reduce the recovery to which the injured employee is entitled.

Under section 39-71-414, MCA, the employer is not a necessary party to the injured employee's action. The employer has only a "first lien" upon any recovery made by the employee.

While this may result in a "negligent" employer profiting through subrogation, the employee's cause of action cannot be split. In choosing between two possible injustices, allowing a negligent employer to profit, or reducing the recovery allowed to an injured employee, the Montana legislature has opted in favor of the employee by providing him full recovery.

Any reduction of the employer's right to subrogation by virtue of the employer's negligence would have to be found within the four corners of the Workers' Compensation Act. There is no such provision, and we cannot provide one.

We agree with Larson's comment on the matter:

". . . On the other hand, it is admittedly rather
an odd spectacle to see a negligent employer reimbursing
himself at the expense of a third party; and
several courts have barred the employer's
recovery on these facts. There is, however,
one oversight in most of the latter cases:
They have a tendency to speak of the 'employer's'
negligence when what they really mean is the
negligence of some co-employee of the injured
employee. Once this is held firmly in mind,
the picture changes in two ways. First, one's
moral indignation evaporates, since one no
longer has the prospect of a personally guilty
plaintiff claiming damages. Second, it becomes
even legally inaccurate to speak of the 'employer's'
negligence in such circumstances, since the
employer who assumes compensation coverage is
in law not liable for the negligent harms wrought
by one employee upon another. It is incorrect
to say that the negligence of a co-employee is
the employer's negligence, when the injured
person is also an employee; the principle of
vicarious liability simply does not apply . . ."
2A Larson, Workman's Compensation Law, §
75.23, p. 14-269 to 14-272.

Stetson-Ross, Inc. points to the California case of

Associated Const. v. Workers' Compensation (1978), 150

Cal.Rptr. 888, 587 P.2d 684, as a case supporting their

position that we should reduce the subrogation recovery

rights of an employer who has been negligent. While that

case is authority for what Stetson-Ross, Inc. contends, an

examination of the background of the California cases leading

up to this result will demonstrate why the adoption of

Associated Const. holding would be unwise here.

First of all, California has no comparative negligence

statute. The contributory negligence of a plaintiff in the

slightest degree operated to defeat a plaintiff's claim in

California until Li v. Yellow Cab Co. (1975), 119 Cal.Rptr.

858, 532 P.2d 1226. In Li, the California Supreme Court

abolished the rule of contributory negligence, and adopted a

rule of "pure" comparative negligence, thereby abolishing

the doctrines of last clear chance, and assumption of risk

(as a variant of contributory negligence) which were subsumed

under the general process of assessing liability in proportion

to the negligence between the parties.

-16-

By "pure" comparative negligence, the California Supreme Court meant that the negligence, if any, of a plaintiff would be assessed by the trier of fact, and any reward recoverable by the plaintiff would be proportionally reduced by the amount of his negligence. Thus, in theory, a plaintiff, guilty of negligence in any percentage as a causative factor in bringing about his injuries could nevertheless recover an amount diminished by the percentage that his negligence bore to the total amount of the damages he sustained.

Before Li, a statutory development existed with respect to joint tortfeasors. The California legislature had adopted in 1957 provisions whereby joint tortfeasors were given a right of contribution, prorata as against other joint tortfeasors against whom a judgment had been rendered. The joint and several liability of each tortfeasor to the plaintiff was kept in force. Civil Code, sections 875, 876. As late as 1977, the California courts were holding that as a condition to contribution, the money judgment had to be rendered jointly against two or more defendants in the same action. Sanders v. Atchison, Topeka, and Sante Fe Railway Company (1977), 135 Cal.Rptr. 555. The statutes further protected releases, or covenants not to sue, by providing that if one tortfeasor settled with the plaintiff, that amount of settlement reduced the plaintiff's claim against the other tortfeasors, but the settling tortfeasor was not liable for any greater amount under contribution than was paid under the agreement of release or covenant not to sue. Civil Code, section 877.

Li involved one plaintiff and one defendant. The problem of multiple tortfeasors was not handled until the case of American Motorcycle Ass'n v. Superior Court (1978), 146 Cal.Rptr. 182, 578 P.2d 899. There the California court, again in the absence of legislative action, made several departures from its established law. First it held that the adoption of comparative negligence in Li did not

-17-

abolish the rule of joint and several liability as between joint tortfeasors. Therefore, each tortfeasor whose negligence was a proximate cause of an indivisible injury received by a plaintiff was liable for the full amount of the plaintiff's recovery, irrespective of the comparative or proportional negligence of that individual tortfeasor as to the other tortfeasors or as to the plaintiff.

Next, it abolished the "equitable indemnity" rule of recovery (to be compared with our rule under Crosby v. Billings Deaconess Hospital (1967), 149 Mont. 314, 426 P.2d 217) and held that partial indemnity, as a species of contribution, was to be considered in assessing the overall comparative negligence as between the joint tortfeasors. This development the court called an evolving common law right of comparative indemnity. 578 P.2d at 902. Finally, it determined that a named defendant was authorized to file a cross-complaint against any other person whether sued or unsued, as to whom the named defendant sought to obtain total or partial indemnity. This latter development was, of course an abrupt departure from the provisions of Civil Code sections 875 and 876, which limited the right of contribution to sued tortfeasors against whom a judgment had been recovered.

Even while the California Supreme Court was taking this course in American Motorcycle Ass'n, with respect to bringing in unnamed defendants, it recognized that there would be a number of significant exceptions to the rule, one of which it listed as employers under the Workers' Compensation Act. Note 9, 578 P.2d at 917 of the court's opinion indicates that because of the provisions of the Labor Code, section 3864, which was its exclusivity provision, a concurrently negligent employer could not be sued.

Notwithstanding the statement in the footnote in American Motorcycle Ass'n, supra, nevertheless, when the California Code came to consider the case of Associated Const., supra

-18-

587 P.2d at 683, it then decided that comparative fault among joint tortfeasors was applicable as to an employer in spite of the exclusivity clause of the Workers' Compensation Act. In that case, the Court takes a further broad step: not only could a court decide the comparative fault of the employer and any concurrently negligent tortfeasor, but if the matter were before the administrative board, handling Workers' Compensation cases, the problem of such comparative fault could be determined by that Board.

From the foregoing, it should be apparent that this is not the time for Montana to follow the lead of California or indeed of New York (see Dole v. Dow Chemical Company (N.Y. 1972), 282 N.E.2d 288) to adopt the broad judicial jumps that have occurred there without the springboard of legislation.

Several distinctions that apply to Montana come to mind. First, our comparative negligence statute is a "fifty percent statute" in that the plaintiff recovers if his negligence is not greater than the negligence of the person against whom recovery is sought. Section 58-607.1, R.C.M. 1947, now section 27-1-702, MCA. Moreover, if the plaintiff under Montana's comparative negligence statute sues more than one defendant, he may not recover against any such defendant as to whom plaintiff's negligence is greater. This is significantly different from California's "pure" comparative negligence system.

As an example, in California, if a plaintiff is thirty percent negligent, one defendant sixty percent negligent, and another ten percent negligent, under the California rule of pure comparative negligence and joint and several liability, the plaintiff who is thirty percent negligent may recover seventy percent of his damages both against the sixty percent negligent defendant and the ten percent negligent defendant. In California it is the rule that the plaintiff's comparative

-19-

negligence is weighed against the combined negligence of the defendants, whereas in Montana, under section 58-607.1, R.C.M. 1947, now section 27-1-702, MCA, (we have not specifically held this yet) it appears that the ten percent negligent defendant would not be liable for any amount to the plaintiff.

California justifies its departures from established rules and statutes as a part of the evolution of the common law (Li, supra, 532 P.2d at 1238), a euphemism for the adoption of uncommon law. In any event, the result in Workers' Compensation cases has been to inject the concept of fault of the employer into its decisions, regardless of the exclusivity clause.

What California has really done through these decisions, is to open the door for liability insurers to scurry around for prospective cross defendants with whom to divide the risk. Third party practice now is one of the factors clogging the progress of litigation in the courts, even in Montana with our limited indemnity doctrine. The resulting burden on a plaintiff is enormous. Perhaps in California, where a plaintiff with as much as ninety percent of the blame for his injuries may yet in theory recover something, the cause is worthwhile; but in Montana, under our "fifty percent" statute, the cost could be disastrous. While our trial courts have power to bifurcate issues and causes, and thus confine the proceedings, still trial courts are nearly powerless to control the paper blizzard that ensues when the professional discoverers go to work under our liberal discovery procedures. When unnamed defendants are brought into the action by other tortfeasors, the plaintiff is on his mettle to attend all the depositions and other discovery, or else face a possible summary judgment against him. We think the "time-worn" rules are also time-proved. For now, the wiser course for

                   is
us/ to follow the traditional tenets of tort law, leaving

it to the legislature to chart new concepts, whether of

evolution or devolution.

Accordingly, we reject the idea that an employer can

be called to account for his negligence in determining his

subrogation rights in Workers' Compensation cases.

We therefore answer the questions certified to us as

follows:

1. Does a third party, sued by an injured employee
have any right to indemnity or contribution from
a negligent employer if the employer and the
employee are covered by the Montana Workers'
Compensation Act?  Answer:  No, unless it arises
out of some other legal transaction between
employer and third party.

2. If the third party has a right in indemnity
or contribution against the employer, may the
employer insist that the total verdict, of
which he must pay all or part, be reduced by
the compensation payments?  Answer:  Not
applicable.

3. If the employer is not liable by way of
indemnity or contribution to a third party, may
he, even though himself negligent recover from
the third person through the employee under the
subrogation rights created by law?  Answer:  Yes.
In short, is there a conflict between section
92-204.2, R.C.M. 1947, and section 58-607.2,
R.C.M. 1947?  Answer:  No.

_____
                Justice

We Concur:


-----------------------------------
      Chief Justice




-----------------------------------
          Justices

                        -21-

Mr. Chief Justice Frank I. Haswell, specially concurring:

I concur in the answers of the majority to the certified questions, but not in all the discussion, reasoning and statements in the foregoing opinion.

_____
Chief Justice

I concur with Chief Justice Frank I. Haswell.

_____
Justice