No. 85-601

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

AUDREY D. NOONE,

       Plaintiff and Petitioner,

   -vs-

ROBERT RAYMOND FINK, WALLACE J. PAYER
and THOMAS J. NOONE

       Defendants and Respondents.

ORIGINAL PROCEEDING:

COUNSEL OF RECORD:

    For Plaintiff/Petitioner:

        Sandall, Cavan, Smith, Howard & Grubbs,
        W. Corbin Howard, Billings, Montana

    For Defendants/Respondents: Robert Raymond Fink
                          and Wallace J. Payer

        Alexander & Baucus; J. David Slovak,
        Great Falls, Montana

    For Defendant/Respondent: Thomas J. Noone

        Moulton, Bellingham, Longo & Mather; Douglas James,
        Billings, Montana

                    Submitted on Briefs: March 21, 1986
                           Decided: July 17, 1986

JUL 17 1986

Filed:

_____
                Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

This is an original proceeding for a declaratory judgment on two certified questions from the United States District Court sitting in Billings.

There are two questions certified from the United States District Court: first, does the doctrine of interspousal tort immunity bar the claim of a wife-passenger against her husband-driver for her husband's negligence in the operation of a motor vehicle? Second, if so, does the doctrine of interspousal tort immunity bar the cross-claims of the husband's codefendants and joint tortfeasors against the defendant husband for indemnity and/or contribution?

Audrey and Thomas Noone were married in 1974. They love each other and plan on remaining married. Both are employed and commingle their incomes in a single bank account. Audrey Noone was injured in a car accident near Broadus in 1982. Audrey was a passenger in a Bronco being driven by her husband, defendant Thomas Noone. As the Bronco attempted to make a left turn, a following truck attempted to pass and the vehicles collided. The truck was owned by defendant Wallace Payer and driven by defendant Robert Fink.

This personal injury action is maintained by Audrey Noone against defendants, Payer, Fink, Noone. Audrey Noone alleges the accident and her injuries were caused by the joint negligence of each defendant. Fink and Payer have denied any negligence on their part and cross-claimed against defendant Noone seeking indemnity and/or contribution. Defendant Noone has also denied any negligence on his part

- 2 -

and cross-claimed against Fink and Payer seeking indemnity and/or contribution.

Defendant Noone, who is being represented by his insurance company, filed a motion for summary judgment based on the doctrine of interspousal tort immunity. Fink, Payer, and Audrey Noone opposed the motion. At the conclusion of a hearing on the motion for summary judgment, the Federal District Court agreed to certify the questions to this Court.

The first question certified to us is whether the doctrine of interspousal tort immunity bars the claim of a wife-passenger against her husband-driver for negligence in the operation of a motor vehicle. In Miller v. Fallon County, et al. (1986, No. 85-350) we abolished the defense of interspousal tort immunity because the historical reasons for that immunity are no longer valid. Therefore the doctrine no longer operates as a bar to negligence claims against spouses.

The second question certified to us is whether the doctrine of interspousal tort immunity bars the cross-claims of the husband's codefendants and joint tortfeasors against the defendant husband for indemnity and/or contribution. Since we have abrogated the doctrine of interspousal tort immunity, the contribution statute, § 27-1-703, MCA, controls. It states:

> Whenever the negligence of any party in any action is an issue, each party against whom recovery may be allowed is jointly and severally liable for the amount that may be awarded to the claimant but has the right of contribution from any other person whose negligence may have contributed as a proximate cause to the injury complained of.

Therefore the husband's co-defendants and joint tortfeasors may cross-claim against him for indemnity and/or contribution, under § 27-1-703, MCA. However, we make no

- 3 -

comment as to the applicability of indemnity theories in automobile accident cases. See Panasuk v. Seaton (U.S.D.C. Mont. 1968), 277 F.Supp. 979 and Consolidated Freightways Corp. of Del. v. Osier (1979), 185 Mont. 439, 605 P.2d 1076.

/s/ John C. Sheehy
_____
Justice

We Concur:

/s/ F. A. Turnage
_____
Chief Justice

/s/ John Conway Harrison
_____

/s/ [signature]
_____

/s/ L. C. Gulbrandson
_____
Justices

- 4 -