
OP 12-0429

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2013 MT 193

METRO AVIATION, INC., et al.,

     Plaintiffs,

  v.

UNITED STATES OF AMERICA,

     Defendant.

ORIGINAL PROCEEDING:     Certified Question, United States District Court
District of Utah, Central Division
Honorable Tena Campbell, Presiding Judge

COUNSEL OF RECORD:

     For Plaintiffs:

          Mark S. Northcraft (argued), James R. Morrison, Northcraft, Bigby
& Biggs, P.C., Seattle, Washington

          Robert H. Bullock, Brian G. Martin, Strong & Hanni, Salt Lake City, Utah

     For Defendant:

          Stuart F. Delery, Acting Assistant Attorney General, U.S. Department
of Justice, Washington, District of Columbia

          David B. Barlow, United States Attorney, Jeannette Swent, Assistant
United States Attorney, District of Utah, Salt Lake City, Utah

          Steven A. Kirsch (argued), Jill Dahlmann Rosa, United States Department
of Justice, Washington, District of Columbia

     For Amicus Montana Defense Trial Lawyers:

          Nicholas J. Pagnotta (argued), Williams Law Firm, Missoula, Montana

          Dale R. Cockrell, Moore, Cockrell, Goicoechea & Axelberg, P.C.,
Kalispell, Montana

For Amicus Montana Trial Lawyers Association:

L. Randall Bishop (argued), Bishop & Heenan, Billings, Montana

Lawrence A. Anderson, Attorney at Law, Great Falls, Montana

Argued:   May 14, 2013
Submitted:   May 15, 2013
Decided:   July 16, 2013

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 We accepted certified questions from the U.S. District Court for the District of Utah, which we have reformulated in accordance with M. R. App. P. 15(4) and our Order of July 31, 2012:

¶2 May a person who has settled a claim with a victim then bring an action for contribution against a joint tortfeasor under § 27-1-703, MCA, even though the victim never filed a court action?

¶3 Where a defendant in a pending action enters into a settlement with the plaintiff in advance of trial, does § 27-1-703, MCA (1997), allow the settling defendant to bring a subsequent contribution action against a person who was not a party in the tort action?

¶4 Does Montana recognize a common law right of indemnity where the negligence of the party seeking indemnification was remote, passive, or secondary, compared to that of the party from whom indemnity is sought?

¶5 We answer no to each of these certified questions.

## FACTUAL AND PROCEDURAL BACKGROUND

¶6 In February 2007, a small plane owned by Metro Aviation, Inc. (Metro) crashed near Bozeman, Montana. The pilot, who was an employee of Metro, and both passengers, Paul Erickson and Darcy Dengel, died in the crash. All three were Montana residents. Following the accident, Erickson's estate filed a claim with Metro's insurers. (Metro and its insurers will be referred to collectively as Metro.) Metro settled Erickson's claim without litigation (Erickson claim). Dengel's estate filed suit against Metro (*Dengel* action) and Metro settled with Dengel's estate before trial. At no time

3

was the United States a party to the *Dengel* action nor was it involved in settlement negotiations with either Erickson's or Dengel's estates.

¶7 Metro then filed suit under the Federal Tort Claims Act against the United States in the U.S. District Court for the District of Montana, alleging negligence by the Federal Aviation Administration (FAA) air traffic controllers at the air traffic control center in Salt Lake City, Utah (where Montana air traffic is controlled). Metro asserted alternative claims of indemnity and contribution and sought to recover, among other losses, the settlement amounts paid to the Erickson and Dengel estates. The United States moved to have the case transferred to the U.S. District Court for the District of Utah and the court granted the motion.

¶8 The United States moved for partial summary judgment on Metro's indemnity and contribution claims asserting that under both Utah and Montana law, these claims are barred. Metro concurred that Utah law bars these claims but argued that Montana law applies and allows the claims. The federal Utah court concluded that Montana law is applicable but that Montana law in this area is unsettled. For this reason, the court certified the above-referenced questions of law to the Montana Supreme Court. We accepted the court's certified questions by Order dated July 31, 2012. Oral argument was held on May 14, 2013.

**STANDARD OF REVIEW**

¶9 When answering a certified question as permitted by M. R. App. P. 15(3), this Court's review is "purely an interpretation of the law as applied to the [pertinent] facts

4

underlying the action." *Thrivent Fin. v. Andronescu*, 2013 MT 13, ¶ 6, 368 Mont. 256, 300 P.3d 117 (citation omitted).

## DISCUSSION

¶10 This case raises questions pertaining to the rights to contribution and indemnity. The right of contribution is established by statute, while the right to indemnity invokes equitable principles. *State Farm Fire and Cas. Co. v. Bush Hog, LLC*, 2009 MT 349, ¶ 6, 353 Mont. 173, 219 P.3d 1249. Contribution and indemnity are similar in that the essential purpose of both is to shift one's losses to another. *Bush Hog*, ¶ 6. The objective of contribution is to allocate liability among all responsible parties. *Bush Hog*, ¶ 7. Contribution distributes loss among joint tortfeasors by requiring each tortfeasor to pay his or her proportionate share based upon his or her proportion of the negligence which proximately caused the plaintiff's injuries. *Durden v. Hydro Flame Corp.*, 1999 MT 186, ¶ 25, 295 Mont. 318, 983 P.2d 943. Conversely, indemnity "shifts the *entire* loss from the one who has been required to pay it to the one who should bear the loss." *Durden*, ¶ 25. (Emphasis added.) With these principles in mind, we first address the certified questions pertaining to contribution.

¶11 *May a person who has settled a claim with a victim then bring an action for contribution against a joint tortfeasor under § 27-1-703, MCA, even though the victim never filed a court action?*

¶12 Section 27-1-703, MCA, entitled "Multiple defendants—determination of liability," provides in relevant part:

> (1) Except as provided in subsections (2) and (3), if the negligence of a party to an action is an issue, each party against whom recovery may be allowed is jointly and severally liable for the amount that may be awarded

5

to the claimant but has the right of contribution from any other person whose negligence may have contributed as a proximate cause to the injury complained of.

(2) A party whose negligence is determined to be 50% or less of the combined negligence of all persons described in subsection (4) is severally liable only and is responsible only for the percentage of negligence attributable to that party, except as provided in subsection (3). The remaining parties are jointly and severally liable for the total less the percentage attributable to the claimant and to any person with whom the claimant has settled or whom the plaintiff has released from liability.

(3) A party may be jointly liable for all damages caused by the negligence of another if both acted in concert in contributing to the claimant's damages or if one party acted as an agent of the other.

(4) On motion of a party against whom a claim is asserted for negligence resulting in death or injury to person or property, any other person whose negligence may have contributed as a proximate cause to the injury complained of may be joined as an additional party to the action. For purposes of determining the percentage of liability attributable to each party whose action contributed to the injury complained of, the trier of fact shall consider the negligence of the claimant, injured person, defendants, and third-party defendants. The liability of persons released from liability by the claimant and persons with whom the claimant has settled must also be considered by the trier of fact, as provided in subsection (6). The trier of fact shall apportion the percentage of negligence of all persons listed in this subsection. Nothing contained in this section makes any party indispensable pursuant to Rule 19, Montana Rules of Civil Procedure.

(5) If for any reason all or part of the contribution from a party liable for contribution cannot be obtained, each of the other parties shall contribute a proportional part of the unpaid portion of the noncontributing party's share and may obtain judgment in a pending or subsequent action for contribution from the noncontributing party. A party found to be 50% or less negligent for the injury complained of is liable for contribution under this section only up to the percentage of negligence attributed to that party.

.    .    .

6

(6)(c) Except for persons who have settled with or have been released by the claimant, comparison of fault with any of the following persons is prohibited:

(i) a person who is immune from liability to the claimant;

(ii) a person who is not subject to the jurisdiction of the court; or

(iii) any other person who could have been, but was not, named as a third party.

¶13 Acknowledging that the Erickson claim was settled without any litigation having been filed, Metro urges this Court to broadly interpret the word "action" contained in § 27-1-703, MCA, to include the "process and procedure of a third party making an insurance claim for damages and the settlement thereof prior to the commencement of a lawsuit." In other words, Metro argues that the term "action" in the statute should encompass the Erickson claim despite the fact that Erickson's estate did not file a lawsuit against Metro prior to settling the claim. Metro further asserts that the language of § 27-1-703, MCA, grants to a "party" a right of contribution from "*any other person*" except in the circumstances set forth in subsections (2) and (3). Under Metro's proposed interpretation, the Erickson estate's insurance claim constitutes an "action," and the United States need not have been a "party" to that "action" for Metro to subsequently seek contribution from the United States.

¶14 The United States counters that the statute, its legislative history and Montana case law support a conclusion that "a right of contribution exists for parties to a court action only, and must take place within the original plaintiff's cause of action." It maintains that the only method provided by the Legislature for exercising the right of contribution against a nonparty is for a defendant to join the "other person" as a party to a case. The

United States submits that because Metro settled with the Erickson estate without the commencement of any litigation, Metro was never made "a party to an action" as required by § 27-1-703(1), MCA, and enjoys no right of contribution stemming from Metro's settlement with the Erickson estate.

¶15    Though there have been many revisions to Montana's comparative negligence statute,[1] § 27-1-703, MCA, as noted by both parties to this appeal, we focus on the language of the current statute.  As it pertains to Certified Question No. 1, § 27-1-703(1), MCA, is dispositive: "[I]f the negligence of a *party to an action* is an issue, each party against whom recovery may be allowed . . . has the right of contribution from any other person whose negligence may have contributed . . . to the injury complained of." (Emphasis added.)   We find no legal support for Metro's argument that we should interpret "action" to include the filing of an insurance claim as opposed to the filing of a lawsuit, nor does Metro provide us with any such authority.  The body of case law addressing contribution among joint tortfeasors under § 27-1-703, MCA, involves negligence lawsuits in which one party has sued another party in a court of law.  We have never applied § 27-1-703, MCA, in a situation where there was no litigation.

¶16    An "action" is defined as "[a] civil or criminal judicial proceeding" in *Black's Law Dictionary* 28 (Bryan A. Garner ed., 7th ed., West 1999).  Moreover, among Montana's statutes, "action" is defined in various ways including, (1) "a judicial proceeding or

---

[1] Section 27-1-703, MCA, was enacted in 1977 and amended in 1981, 1987, 1995, and 1997.  In *Plumb v. Fourth Judicial Dist. Court*, 279 Mont. 363, 927 P.2d 1011 (1996), superseded by statute, we provided a detailed discussion of § 27-1-703, MCA, from its enactment through the 1995 amendment.  We do not repeat this historic review here.

arbitration in which a payment in money may be awarded or enforced with respect to a foreign-money claim" (§ 25-9-702(1), MCA); (2) "a special proceeding of a civil nature" (§ 27-2-101, MCA); and (3) "any civil lawsuit or action in contract or tort for damage or indemnity brought against a construction professional to assert a claim . . . for damage or the loss of use of real or personal property caused by a defect in the construction or remodeling of a residence" (§ 70-19-426(1)(a), MCA). Further, *Black's Law Dictionary* defines "party" as "one by or against whom a lawsuit is brought." *Black's Law Dictionary* at 1144. Metro neither qualifies as a "party," nor does an insurance settlement qualify as an "action" under these well-established definitions. Lastly, M. R. Civ. P. 3 provides that a civil "action" is commenced by the filing of a complaint with the court. There having been no action to which Metro was a party, Metro may not now seek contribution against the United States under § 27-1-703, MCA. We therefore answer no to Certified Question No. 1. Metro may not seek contribution from the United States with respect to the Erickson settlement.

¶17    *Where a defendant in a pending action enters into a full settlement with the plaintiff in advance of trial, does § 27-1-703, MCA (1997), allow the settling defendant to bring a subsequent contribution action against a person that was not a party in that action?*

¶18    We next turn to the question presented with respect to the *Dengel* action. As noted above, the Dengel estate filed a negligence action against Metro, and therefore Metro was a party to a lawsuit as contemplated under § 27-1-703, MCA. However, Metro settled with the Dengel estate prior to trial without ever joining the United States as a party. Metro then sought to bring a separate contribution action against the United States.

9

Metro insists that the statute permits a separate and subsequent contribution action, while the United States asserts that the statute contemplates only one method for exercising the right of contribution against a nonparty, and that is by way of joinder in the original action.

¶19    As noted above, the right to contribution is a strictly statutory right.  Section 27-1-703(4), MCA, spells out how a party goes about seeking contribution from another person whose negligence may have contributed to the injury.  It provides in pertinent part that "[o]n motion of a party against whom a claim is asserted for negligence . . . any other person whose negligence may have contributed as a proximate cause to the injury complained of may be joined as an additional party to the action."  It further provides that "[t]he trier of fact shall apportion the percentage of negligence of all persons listed in this subsection."  Clearly, a single action is contemplated.  The sole circumstance under which a subsequent action for contribution is permitted is that set forth in § 27-1-703(5), MCA.  This section of the statute permits a subsequent action for contribution from the noncontributing party only where "for any reason all or part of the contribution from a party liable for contribution cannot be obtained."  Clearly, this provision assumes that liability for contribution has already been determined in the preceding single action referenced in § 27-1-703(4), MCA.

¶20    The problem with accepting Metro's premise that a stand-alone contribution claim is permitted under the statute is that the statute does not provide how such a claim would be undertaken.  As is obvious from a review of § 27-1-703, MCA, constructing a procedure and remedy in matters involving multiple defendants is a complicated

10

business. Were we to allow a separate action for contribution, what would be the parameters? Unlike here—where the plaintiff decedent as a passenger was not capable of comparative fault—what if the third party named in the stand-alone contribution claim contended that the plaintiff in the original action was partly at fault? Would this bring the plaintiff back into a new separate action, after he has already secured his judgment or settlement and presumably brought finality to the process? What of other settling parties? These questions call for answers that this Court does not have. It is not the province of this Court to read into a statute a proceeding that the statute does not contemplate, nor is it our function to then fashion a procedure for how that case would be tried. Section 1-2-101, MCA (In statutory construction, courts may "not insert what has been omitted or . . . omit what has been inserted."). *See also Swanson v. Hartford Ins. Co.*, 2002 MT 81, ¶ 22, 309 Mont. 269, 46 P.3d 584.

¶21 Had the Legislature intended to provide a defendant in a pending action the option to bring a separate subsequent contribution action against a third party, it would have done so. It did not. We will not presume to do so either. Therefore, we answer the second question, as reformulated above, no.

¶22 *Does Montana recognize a common law right of indemnity where the negligence of the party seeking indemnification was remote, passive, or secondary, compared to that of the party from whom indemnity is sought?*

¶23 Unlike contribution, indemnity "shifts the entire loss from the one who has been required to pay it to the one who should bear the loss." *Durden*, ¶ 25. Metro seeks indemnity from the United States, claiming that its own negligence, if any, was remote, passive, or secondary while the negligence of the FAA was active. It argues that

11

"fundamental fairness" dictates that because it is not *in pari delicto* with the United States, the United States should bear responsibility for the entire amount of the settlements it paid to Dengel and Erickson.

¶24 We reject this argument. In *State ex rel. Deere & Co. v. District Court*, 224 Mont. 384, 730 P.2d 396 (1986), we observed that fixing responsibility in indemnity actions premised upon active versus passive conduct, was neither "sensible" nor "practical." *Deere*, 224 Mont. at 398, 730 P.2d at 405-06. In *State v. Butte-Silver Bow County*, 2009 MT 414, 353 Mont. 497, 220 P.3d 1115, we held that the State could not obtain common law indemnity from the County, because the State was negligent in part; it lacked "clean hands." *Butte-Silver Bow County*, ¶ 33.

¶25 Again, the premise of indemnity is that the other party should bear the entire loss. Indemnity would not be fair or appropriate where both parties allegedly are negligent in causing the plaintiff's injuries. We have prohibited claims for indemnity between or among joint tortfeasors. *Deere*; *Consolidated Freightways Corp. v. Osier,* 185 Mont. 439, 605 P.2d 1076 (1979); *see also Panasuk v. Seaton*, 277 F. Supp. 979 (D. Mont. 1968). At common law, "if the concurrent negligence of two or more persons causes an injury to a third person, they are jointly and severally liable, and the injured person may sue them jointly or severally, and recover against one or all." *Jones v. Northwestern Auto Supply Co.*, 93 Mont. 224, 231, 18 P.2d 305, 307 (1932) (quoting *Black v. Martin*, 88 Mont. 256, 265, 292 P. 577, 580 (1930)). As Judge Jameson observed in *Panasuk*, we recognized the general rule that, in such circumstances, "one of the several wrongdoers cannot recover against another wrongdoer although he may have been compelled to pay

all the damages for the wrong done." *Panasuk*, 277 F. Supp. at 980-81 (quoting *Variety, Inc. v. Hustad Corp.*, 145 Mont. 358, 368, 400 P.2d 408, 414 (1965)).  The Legislature has crafted a mechanism for allocation of responsibility where a plaintiff is injured by the acts or omissions of multiple tortfeasors.  Section 27-1-703, MCA.  In such circumstances, the statute applies, not the common law remedy of indemnity.  Section 1-1-108, MCA.

¶26    By law, the pilot in command of an aircraft is directly responsible for the operation of that aircraft and may take immediate action to meet an in-flight emergency, notwithstanding deviation from otherwise applicable rules.  14 C.F.R. § 91.3 (1-1-07 edition).  Metro acknowledged in its opening brief "that the pilot . . . may have experienced either a black hole illusion or other type of illusion just prior to the accident."  It further alluded during oral argument to this problem and to a possible electrical failure.  It thus allowed that there could have been at least some degree of negligence on the part of Metro.  Metro's claim for indemnity against the United States must fail under these circumstances in light of the foregoing authorities.

¶27    For the foregoing reasons, we conclude that Metro is not entitled to indemnity from the United States.  We therefore answer the third of the certified questions, no.


                                        /S/ PATRICIA COTTER

13

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ JIM RICE
/S/ LAURIE McKINNON